1   MARC E. MAYER (SBN 190969)
       mem@msk.com
2   MARK C. HUMPHREY (SBN 291718)
       mxh@msk.com
3   GENEVIEVE L. JAVIDZAD (SBN 336138)
       glj@msk.com
4   MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
5   Los Angeles, CA  90067-3120
    Telephone: (310) 312-2000
6   Facsimile: (310) 312-3100

7   Attorneys for Activision Publishing, Inc.

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  ACTIVISION PUBLISHING, INC., a          CASE NO. 2:22-cv-00051- MWF (JCx)
12  Delaware corporation,
                                            [Assigned to Judge Michael Fitzgerald]
13              Plaintiff,

14        v.                                **DECLARATION OF MARC E.**
                                            **MAYER IN SUPPORT OF** *EX*
15  ENGINEOWNING UG, a German               *PARTE* **APPLICATION FOR**
    corporation, CMM HOLDINGS S.A., a       **LEAVE TO TAKE LIMITED**
16  German corporation, VALENTIN            **IMMEDIATE DISCOVERY**
    RICK, an individual, LEONARD
17  BUGLA, an individual, LEON              [*Ex Parte* Application and [Proposed]
    FRISCH, an individual, IGNACIO          Order filed concurrently herewith]
18  GAYDUCHENKO, an individual,
    MARC-ALEXANDER RICHTS, an
19  individual, ALEXANDER KLEEMAN,          Complaint Filed: January 4, 2022
    an individual, and DOES 1-50,
20  inclusive,

21              Defendants.

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13876116.1

_____
                    **DECLARATION OF MARC E. MAYER**

I, Marc E. Mayer, declare as follows:

1.      I am an attorney-at-law, duly licensed to practice law in the State of California.  I am, through my Professional Corporation, a partner with the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), counsel of record for Plaintiff Activision Publishing, Inc. ("Activision") in this action.  Except as otherwise noted, I know all of the following of my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2.      This case involves violations of Section 1201 of the Digital Millennium Copyright Act, as well as claims for intentional interference with contract and unfair competition.  Plaintiff's claims arise from an online business venture called "EngineOwning" (EO).  EO is engaged in the development, sale, distribution, marketing, and exploitation of a portfolio of malicious cheats and hacks for popular multiplayer games (the "Cheating Software"), including Plaintiff's immensely popular series of online multiplayer video games, *Call of Duty* (collectively, the "Games") through its website (hereinafter referred to as the "EO Website").

3.      The Cheating Software enables players to manipulate the Games to their personal advantage, such as by automatically aiming weapons, revealing locations of opponents, and allowing players to see information that otherwise would be obscured.  As alleged in the Complaint, Defendants' sale and distribution of the Cheating Software has caused Plaintiffs to lose substantial revenue, and to suffer damage to their goodwill and reputation.

**Plaintiff's Pre-Filing Investigation**

4.      Starting in 2017, Activision, with the assistance of a highly experienced and reputable cybercrime investigative service[1], conducted an

---

[1]  In order to protect its investigative methods and to not jeopardize its ongoing investigations, Activision has elected not to disclose the name of its investigators. However, should the Court desire additional information, Activision is prepared to provide such information *in camera* or under seal.

**DECLARATION OF MARC E. MAYER**

extensive and diligent investigation into the owners and operators of EO.  The investigation, which has been ongoing for more than three years, involved, without limitation, open-source intelligence sources; social media research; querying of relevant databases; review of corporate records, domain registrations, and username and email repositories; extensive examination of online communities, message platforms and websites; use of standard investigative resources; and certain proprietary techniques developed by the investigators.

5.     As a result of this investigation, Activision was able to discover the identities of some of the operators of EO, including Defendants Valentin Rick (a/k/a Skyfail), Mark-Alexander Richts, and Ignacio Gayduchenko (a/k/a Kokole). In 2017 and 2018, attorneys at my law firm, under my personal supervision, contacted each of these individuals in writing and demanded that they cease and desist from further selling the Cheating Software.  They did not respond to these communications, even after four or five follow-up letters and emails.

6.     EO's operations were undeterred by our correspondence.  In fact, EO actually expanded its operations.  For example, EO rolled out new versions of its Cheating Software, updated its existing products to work with new Activision games, made improvements to its anti-detection technology, and expanded its reseller network and staff.  Defendants (or other anonymous individuals employed by EngineOwning) also began actively mocking Activision, such as by heavily promoting its Call of Duty Cheats and "trolling" me and my firm with fake online groups and user profiles, as illustrated below.  (I captured the below image from the Steam distribution platform.)

1
2
3
4
5
6
7
8
9
10



11   7.     Activision's investigators continued their investigation for the next

12   two years, in an attempt to identify all of the participants in the EngineOwning

13   business venture.  During that investigation, Activision discovered the existence of

14   many more individuals who were directly involved in developing, supporting, or

15   distributing the Cheating Software.  Activision was able to identify some of these

16   individuals, such as Defendants Leonard Bulga and Leon Frisch.  However, despite

17   its best efforts, Activision was not able to discover the real names of several other

18   individuals, due to apparently deliberate obfuscation of aliases and online

19   accounts.

20   8.     Among the individuals that Activision still has not identified are those

21   using the aliases "Bonsai," "Agriolo," "Chronos," "Deutschlander," "Enceladus,"

22   "Homie," "Jeuwifghue," "LogicX," "LuoZheng," "mortyy," "NOL3X,"

23   "SlapstiK," "Croatle," "Speedi13," and "Requi."  These individuals have been

24   sued as Does 1 through 15 in this lawsuit.  Activision's investigators have

25   informed me that they have exhausted all reasonable efforts to identify these

26   defendants using the data and resources available to them.

27   9.     Activision has reason to believe that all of the Doe Defendants play

28   direct, significant roles in connection with the EngineOwning enterprise and the

sale of the Cheating Software.  For example, "Croatle" or "Boss" (Doe 13) has a leadership role within the organization, through which he or she participates and/or assists in the development, maintenance, distribution and sale of the Cheating Software. "Speedi13" (Doe 14) and "Requi" (Doe 15) act or have acted as coders for the Cheating Software, and in that role have participated and/or assisted in the development, maintenance, distribution and sale of the Cheating Software.

10.     In addition to the 15 Does identified in the Complaint, we have reason to believe there may well be additional individuals or entities assisting in these efforts whom have so far succeeded in keeping even their involvement completely anonymous, including those involved with the actual coding and development of the Cheating Software.  It is very important to include all of these individuals in this lawsuit in order for Activision to obtain complete relief and ensure that the Cheating Software ultimately is removed from the marketplace.

11.     After this lawsuit was filed, it received a significant amount of media attention in game industry publications such as IGN.com, PCGamer.com, and Kotaku.com.  Thus, the Doe Defendants certainly are aware of this lawsuit.  In fact, we are aware that at least one of the Doe defendants posted a message online bragging about being named as a Doe Defendant and claiming that Activision will never find him.

12.     Based on my research, EO and the Doe Defendants are continuing to sell, update, and market the Cheating Software even after this lawsuit was filed. Additionally, it appears that since the lawsuit was filed, Defendants have taken additional steps to conceal their identities, such as by changing payment processors from U.S.-based Stripe to "TC Payments," a payment processor located overseas.

## The Requested Discovery

13.     By the *Ex Parte* Application filed concurrently herewith, Plaintiff seeks leave to serve fifteen (15) subpoenas for business records from various

Mitchell
Silberberg &
Knupp LLP

13876116.1

**DECLARATION OF MARC E. MAYER**

Internet Service Providers, Payment Providers, and Social Media websites.  The purpose of these subpoenas is to seek information concerning the name and identity of the person(s) or entities responsible for the EO Website and the Cheating Software, and who receive payments for the sale of the Cheating Software.  Plaintiff wishes to issue subpoenas to: (1) Google LLC, dba YouTube, LLC; (2) Twitter, Inc.; (3) Tucows, Inc.; (4) Stripe, Inc.; (5) Valve Corporation, dba Steam; (6) Reddit, Inc.; (7) PayPal, Inc.; (8) Namecheap, Inc.; (9) Meta Platforms, Inc., dba Instagram; (10) Github, Inc.; (11) Discord, Inc.; (12) Amazon.com, Inc.; (13) Coinbase Global, Inc.; (14) Cloudflare, Inc.; and (15) Trustpilot, Inc.

(a) **Google LLC** is a company that offers YouTube channels and videos through its video hosting service available at www.youtube.com.  Based on our investigation, we believe that representatives of EO have channels on YouTube, including channels used for marketing and advertising the Cheating Software.

(b) **Twitter, Inc.** is a microblogging and social networking service on which users post and interact with messages known as "tweets." Based on our investigation, we believe that at least eleven of the fifteen Doe Defendants have their own Twitter accounts in which they promote the Cheating Software.

(c) **Tucows, Inc.** is an Internet services and telecommunications company. Defendants have registered domain names for the EngineOwning Website and other related websites through domain registrars located in the United States.  We have learned through our investigation that Tucows is the domain name registrar that was used to register the domains deactivision.com, dn-spoofer.com, and keller-elite.com.  These domains have been used to market and sell the Cheating Software. Accordingly, Tucows is expected to be in possession of relevant

1   information, such as names, addresses, email addresses, and IP addresses

2   for the Doe Defendants.

3   (d) **Stripe, Inc.** is a financial services and software as a service company that

4   primarily offers payment processing software and application

5   programming interfaces for e-commerce websites and mobile

6   applications.  We have learned through our investigation that Defendant

7   EngineOwning has used Stripe to process payments.

8   (e) **Valve Corporation, dba Steam**, is a video game developer, publisher,

9   and digital distribution company.  We have learned through our

10   investigation that Defendant EngineOwning and/or the individual named

11   and unnamed defendants have accounts associated with distinct

12   communities on Steam, including a community called "MSKCrime,"

13   with an account named "Marc E. Mayer."

14   (f) **Reddit, Inc.** is a social news aggregation, web content rating, and

15   discussion website. We have learned through our investigation that

16   several of the Doe Defendants, including "Bonsai," "LogicX,"and

17   "Speedi13" have Reddit accounts.

18   (g) **PayPal, Inc.** is another popular provider of online payment processing

19   services.  Based on our firm's experience from related matters,

20   individuals and entities offering unauthorized cheats and hacks of the

21   nature at issue in this case commonly rely on PayPal as a method for

22   facilitating digital transactions.  In creating an account with PayPal, such

23   individuals and entities necessarily provide PayPal with several types of

24   identifying information.  We thus expect that PayPal is likely to be in

25   possession of information relevant to identification of Doe Defendants.

26   We have learned from our investigation that individuals associated with

27   Defendant EngineOwning, including individuals with an

28   "EngineOwning" domain name, have processed payments via PayPal.

(h) **Namecheap, Inc.** is a domain name registrar.  We have learned through our investigation that Namecheap is the domain name registrar that was used to register the domain garnatz.bz, which is closely related to EO. Accordingly, Namecheap is expected to be in possession of relevant information, such as names, addresses, email addresses, and IP addresses for the Doe Defendants.

(i) **Meta Platforms, Inc, dba Instagram** is a photo and video sharing social networking service. We have learned through our investigation that Defendant EngineOwning operates at least three distinct Instagram accounts.

(j) **Github, Inc.** is a provider of Internet hosting for software development and version control that allows members of the public to upload and share computer source code.  We have learned through our investigation that Defendant EngineOwning has its own Github accounts (at least three), as do at least four of the Doe Defendants, including "Speedi13."

(k) **Discord, Inc.** is an online platform focused on the video game community, which allows affinity groups to gather and virtually discuss various topics.  We have learned through our investigation that Defendants, including Doe Defendants "Bonsai" and "mortyy" have used the chat app Discord to discuss the EO Website.  Some of the Doe Defendants have Discord ID numbers, and thus we expect that Discord will have some identifying information for these individuals.

(l) **Amazon.com, Inc.** is a technology company which focuses on e-commerce, cloud computing, digital streaming, and artificial intelligence. Amazon Pay is its payment processing service.  We have learned through our investigation that Defendant EngineOwning and/or the individual named and unnamed defendants have processed payments via Amazon Pay.

(m)     **Coinbase Global, Inc.** is an online website that operates a cryptocurrency exchange platform.  We have learned through our investigation that Coinbase is Defendant EngineOwning's payment processor for transactions paid with cryptocurrency.

(n)  **Cloudflare, Inc.** is a company that offers security and content delivery services to websites, doing so in a manner that allows websites to obscure the identity and location of their own servers.  From our investigation, we have learned that the operators of the EO Website use the Cloudflare content distribution network to hide the actual IP addresses of their webhosting servers.

(o)  **Trustpilot, Inc.** is a consumer review website which hosts reviews of businesses worldwide.  Trustpilot's platform provides forums, communities, and messaging services for consumers to post reviews about businesses.  From our investigation, we have learned that reviews about the EO Website are posted on Trustpilot, and certain administrators of the EO website have accounts with Trustpilot.

14.     True and correct copies of the subpoenas that Plaintiffs wish to serve on the above entities are attached, collectively, as **Exhibit 1**.

///
///
///
///
///
///
///
///
///

Mitchell
Silberberg &
Knupp LLP

13876116.1

9

**DECLARATION OF MARC E. MAYER**

15.     All of the subpoenas are for a proper purpose – namely, to identify the Doe defendants so that they may be added to the Complaint.  The subpoenas seek identifying information, and do not seek the content of any email correspondence or instant messages.  When served, we will provide the third parties with not less than 21 days to respond to the subpoenas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 13, 2022 at Los Angeles, California,

Marc E. Mayer

Mitchell
Silberberg &
Knupp LLP

13876116.1

**DECLARATION OF MARC E. MAYER**

# EXHIBIT 1

Exhibit 1
Page 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00051 |
| | ) |
| EngineOwning UG, a German coporation, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  GOOGLE LLC, dba YouTube, LLC, c/o CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____, who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit 1**
**Page 12**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                             *Server's signature*

                                     _____
                                             *Printed name and title*

                                     _____
                                             *Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

### I. INSTRUCTIONS

1.      Google LLC ("Google"), including its "YouTube LLC" business unit and its other divisions, business units, departments, and related entities, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, and any other persons acting on its behalf.

2.      Google is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.      Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

### II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.      The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.      "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.      The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

**Exhibit 1**
**Page 15**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.     The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.     The term "YouTube Channel" means and refers to any and all means of communication such as forums, communities, chat areas, and private chat and/or messaging services made available through Instagram's products or services, including as discussed in Google's "Terms of Service" as of January 5, 2022.

6.     The term "Identify" means:

(a)     for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)     for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)     in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III.  DOCUMENTS REQUESTED

1.     All Documents sufficient to Identify all individuals, entities, and accounts linked to, associated with, or related to the following names, account names, and/or screen names used in connection with the YouTube Channels:

(a)     HAM
        (https://www.youtube.com/channel/UCtm0f68jDElfXJQDt_yQCcw)

(b)     Zesshy
        (https://www.youtube.com/channel/UCZkMllqwWvcLg0GzYkZwLMw)

2

**Exhibit 1**
**Page 16**

      (c)     Bonsai
               (https://www.youtube.com/channel/UCR6W9IsfflRKigykPmXLrA)

      (d)     KOYZ (https://www.youtube.com/channel/UCOspIe4Zfln_bzbevR6Htig)

      (e)     Luna
               (https://www.youtube.com/channel/UChVVBcUSAFhwcfyX3nVgodQ)

      (f)     Speedi13
               (https://www.youtube.com/channel/UCPEVnAhXo75D3hNnmz3L7Mw

2.     All IP Addresses used to register access, log into, modify, make postings, or transmit messages via any of the YouTube accounts identified in Request No. 1 and/or in response thereto.

3.     All IP Addresses used to create, form, establish, moderate, or control the YouTube accounts identified in Request Nos. 1 and 2 and/or in response thereto.

4.     All Documents sufficient to Identify all individuals, entities, and accounts linked to, associated with, or related to the following YouTube Channels:

      (a)     https://www.youtube.com/channel/UCfdLvRyTvPnpcapC-kypM0w

      (b)     https://www.youtube.com/channel/UCf0n0UKeMv3Rzb_aeQhcIUg

      (c)     https://www.youtube.com/channel/UCdZIlS2uGO2Ls4yk-HQQLpw

5.     All IP Addresses used to register access, log into, modify, make postings, or transmit messages via any of the YouTube Channels identified in Request No. 4 and/or in response thereto.

6.     All IP Addresses used to create, form, establish, moderate, or control the YouTube Channels identified in Request Nos. 4 and 5 and/or in response thereto.

7.     All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the YouTube Channels, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request Nos. 1 and 4:

      (a) engineowning[.]com

      (b) engineowning[.]to

      (c) engineowning[.]io

      (d) deactivision.com

      (e) dn-spoofer.com

      (f) keller-elite[.]com

      (g) garnatz[.]bz

**Exhibit 1
Page 17**

8.      All IP Addresses for the following domain names that are affiliated with any of the YouTube Channels, including to access, log into, register, verify, or update any of the YouTube Channels in response to Document Request No. 7.

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00051 |
| | ) |
| EngineOwning UG, a German coporation, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: TWITTER, INC. c/o CT Corporation, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        *CLERK OF COURT*
                                                OR

        _____          _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*
                                                Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Activision Publishing, Inc. _____, who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 /
Telephone: 310-312-2000, mem@msk.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Activision v. EngineOwning, Inc.
www.firstlegal.com
**Exhibit**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____               _____
                                                *Server's signature*

                                          _____
                                                *Printed name and title*

                                          _____
                                                *Server's address*

Additional information regarding attempted service, etc.:



**Exhibit 1**
**Page 20**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

## I. INSTRUCTIONS

1.      Twitter, Inc. ("Twitter"), including its subsidiaries, related entities, and/or divisions responsible for the Twitter mobile application, Twitter.com website, and any other Twitter products and services, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.      Twitter is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.      Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.      The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.      "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.      The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

**Exhibit 1**
**Page 22**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4. The term "IP Address" means Internet Protocol address and Internet Protocol number.

5. The term "Twitter Account" means and refers to any and all means of communication such as forums, communities, chat areas, and private chat and/or messaging services made available through Twitter's products or services, including as discussed in Twitter's "Terms of Service" as of August 19, 2021.

6. The term "Identify" means:

(a) for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b) for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c) in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

## III. DOCUMENTS REQUESTED

1. All Documents sufficient to Identify all individuals, entities, and accounts linked associated with, or related to the following names, account names, screen names, and/or user ID numbers:

(a) https://twitter.com/LionKkxd and/or user ID no. 99781611

(b) https://twitter.com/aboutHAM and/or user ID no. 1016846803

(c) https://twitter.com/Snafubar1337 and/or user ID no. 1369995108

13881696.2

**Exhibit 1**
**Page 23**

| | |
|---|---|
| (d) | https://twitter.com/ClassenPascal and/or user ID no. 2883117021 |
| (e) | https://twitter.com/__writemsr and/or user ID no. 999013753579597824 |
| (f) | https://twitter.com/Epickyy and/or user ID no. 706989164928045056 |
| (g) | https://twitter.com/Tyr2471 and/or user ID no. 775394856084668416 |
| (h) | https://twitter.com/french_eo and/or user ID no. 1137723933292158976 |
| (i) | https://twitter.com/diekakao and/or user ID no. 1377586389806628865 |
| (j) | https://twitter.com/5euro1337 and/or user ID no. 1273999711041716225 |
| (k) | https://twitter.com/notapolloooo and/or user ID no. 1042905211621335040 |

2.      All IP Addresses used to register access, log into, modify, make postings/tweets, or transmit messages via any of the Twitter Accounts identified in Request No. 1 and/or in response thereto.

3.      All Documents sufficient to Identify all individuals, entities, and accounts linked to, associated with, or related to the following account names, screen names, and/or user ID numbers:

| | |
|---|---|
| (a) | https://twitter.com/EngineOwningCOM [and/or user ID no. 3049993042] |
| (b) | https://twitter.com/engineowningto [and/or user ID no. 1398279151912632324] |
| (c) | https://twitter.com/engineowning1 [and/or user ID no. 1286443086369914882] |

4.      All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Twitter accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request Nos. 1 and 3:

(a) engineowning[.]com

(b) engineowning[.]to

(c) engineowning[.]io

(d) deactivision.com

(e) dn-spoofer.com

(f) keller-elite[.]com

(g) garnatz[.]bz

5.      All IP Addresses for the following domain names that are affiliated with any of the Twitter accounts, including to register, access, log into, modify, make postings/tweets, or transmit messages via any of the Twitter Accounts identified in Request No. 4.

**Exhibit 1
Page 24**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| EngineOwning UG, a German coporation, et al. | ) |
| _Defendant_ | ) |

Civil Action No. 2:22-cv-00051

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: TUCOWS INC., c/o Corporation Service Company, 2595 Interstate Drive, Ste. 103, Harrisburg, PA 17110

_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| | |
|---|---|
| Place: First Legal Records, c/o Best Legal Services, 318 Bridge Street, Ste. 523, New Cumberland, PA 17070 | Date and Time: |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_
                                                        Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____, who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Activision TV Inc.
www._____.com
**Exhibit**

**Page 25**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                *Server's signature*

                              _____
                                                *Printed name and title*

                              _____
                                                *Server's address*

Additional information regarding attempted service, etc.:



**Exhibit 1**
**Page 26**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 1
Page 27

## ATTACHMENT A

## I. INSTRUCTIONS

1.      Tucows Inc. ("Tucows"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.      Tucows is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.      Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.      The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.      "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.      The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

13881685.2

**Exhibit 1**
**Page 28**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.      The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.      The term "Identify" means:

(a)      for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)      for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)      in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

## III. DOCUMENTS REQUESTED

1.      All Documents sufficient to Identify all individuals, entities, and accounts associated with the registration, renewal, or ownership of the following domain names:

(a) deactivision.com

(b) dn-spoofer.com

(c) keller-elite[.]com

2.      All Documents sufficient to Identify all individuals, entities, and accounts that have made payments to Tucows and/or been charged by Tucows in connection with the registration, renewal, or ownership of the following domain names:

(a) deactivision.com

(b) dn-spoofer.com

(c) keller-elite[.]com

3.      All IP Addresses used to access, log into, register, or update any of the Tucows accounts identified in response to Document Request Nos. 1 and 2.

2

**Exhibit 1**
**Page 29**

    4.     All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Tucows account, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request No. 1:

        (a) engineowning[.]com

        (b) engineowning[.]to

        (c) engineowning[.]io

        (d) deactivision.com

        (e) dn-spoofer.com

        (f) keller-elite[.]com

        (g) garnatz[.]bz

    5.     All IP Addresses for the following domain names that are affiliated with any of the Tucows accounts, including to access, log into, register, verify, or update any of the Tucows accounts in response to Document Request No. 4

3

13881685.2

**Exhibit 1**
**Page 30**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Activision Publishing, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-00051 |
| | ) | |
| EngineOwning UG, a German coporation, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  STRIPE, INC., c/o CT Corporation, 330 North Brand Blvd., Ste. 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| | |
|---|---|
| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|    *CLERK OF COURT*    | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Activision Publishing, Inc.
www.firstlegal.com
**Exhibit**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 1
Page 32

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

## I.  INSTRUCTIONS

1.      Stripe, Inc. ("Stripe"), including its subsidiaries, related entities, and/or divisions, and its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.      Stripe is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.      Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.      The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.      "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.      The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

13881677.3

**Exhibit 1**
**Page 34**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

      4.     The term "IP Address" means Internet Protocol address and Internet Protocol number.

      5.     The term "Stripe Account" shall mean and refer to any and all user and/or customer accounts used for the purpose of doing business and/or facilitating transactions via Stripe's products and services.

      6.     The term "Identify" means:

      (a)     for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

      (b)     for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

      (c)     in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III. DOCUMENTS REQUESTED

      1.     All Documents sufficient to Identify all individuals and/or entities associated with or linked to the Accounts associated with the following Stripe receipt, including actual names, addresses, telephone numbers, and any other identifying information concerning such accounts:

      (a) INT'L 0077853915 ENGINEOWNING ERFURT

      (b) TC Payments LTD

      2.     All Documents sufficient to Identify all individuals and/or entities who have at any time held, owned, administered, transferred money from, or withdrawn money from the Stripe Accounts identified in response to Document Request No. 1.

      3.     All IP Addresses used to access, log into, register, or update the Stripe Accounts identified in response to Document Request Nos. 1 and 2.

13881677.3

**Exhibit 1**
**Page 35**

4.     All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Stripe Accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request Nos. 1 and 2:

(a) engineowning[.]com

(b) engineowning[.]to

(c) engineowning[.]io

(d) deactivision.com

(e) dn-spoofer.com

(f) keller-elite[.]com

(g) garnatz[.]bz

5.     All IP Addresses for the following domain names that are affiliated with any of the Stripe Accounts, including to access, log into, register, verify, or update any of the Stripe Accounts in response to Document Request No. 4

13881677.3

**Exhibit 1**
**Page 36**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. _____ <br> *Plaintiff* <br> v. <br> EngineOwning UG, a German coporation, et al. _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No. 2:22-cv-00051 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  VALVE CORPORATION, dba STEAM, c/o CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* <br> Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Activision Legal Dept, Inc. <br> www.firstlegal.com

**Exhibit 1** <br> **Page 37**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



**Page 38**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

### I. INSTRUCTIONS

1.       Valve Corporation ("Valve"), including its "Steam" business unit and its other divisions, business units, departments, and related entities, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, and any other persons acting on its behalf.

2.       Valve is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.       Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

### II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.       The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.       "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.       The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

**Exhibit 1**
**Page 40**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.      The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.      The term "Steam Social Group" means and refers to any and all means of communication such as forums, communities, chat areas, and private chat and/or messaging services made available through Steam's products or services, including as discussed in Valve's "Site Terms of Use."

6.      The term "Identify" means:

(a)      for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)      for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)      in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III. DOCUMENTS REQUESTED

1.      All Documents sufficient to Identify all individuals, entities, and accounts associated with the creation, formation, establishment, moderation, or control of the following Steam account names, user/screen names and/or user ID numbers:

(a) Marc E. Mayer and/or STEAM_0:0:220076393

(b) al pacino and/or STEAM_0:1:16036869

(c) llllllllll  and/or STEAM_0:1:113192266

(d) lion and/or STEAM_0:1:16754430

(e) unique and/or STEAM_0:1:95977863

(f)  not zesshy lol and/or STEAM_0:0:3310354

2

**Exhibit 1**
**Page 41**

(g) wbln and/or STEAM_0:0:4543145

(h) DieKakao and/or STEAM_0:0:48696932

(i) SnikerDE and/or STEAM_0:0:153287026

(j) koyz and/or 76561198033475149

(k) koyz and/or 76561198857236629

(l) KOYZRk and/or 76561198349301747

(m) KOYZRk  and/or 76561198337053883

(n) Proton007 and/or STEAM_0:1:42442551

(o) proton2009 and/or STEAM_0:0:92336073

(p) Zige and/or STEAM_0:1:62128974

(q) moin and/or STEAM_0:1:236623986

(r) Apollo and/or STEAM_0:0:127848912

(s) grout and/or STEAM_0:1:436915013

(t) NetworkOverflow and/or STEAM_0:0:147502684

2.      All IP Addresses used to create, form, establish, moderate, or control the Steam accounts identified in Request No. 1 and/or in response thereto.

3.      All IP Addresses used to access, log into, register, modify, and/or make postings via the Steam accounts identified in response to Request No. 1.

4.      All Documents sufficient to Identify all individuals, entities, and accounts linked to, associated with, or related to the following Steam communities:

(a) https://steamcommunity.com/groups/engineowningDOTcom

(b) https://steamcommunity.com/groups/EngineOwningHacks

(c) https://steamcommunity.com/groups/belizebiz

(d) https://steamcommunity.com/groups/MSKCrime

5.      All IP Addresses used to access, log into, register, modify, and/or make postings via any of the Steam communities identified in Request No. 4, including without limitation the IP Addresses associated with accounts having the right or ability to grant or deny access or issue "invites" to the Steam communities identified in Request No. 4 and/or in response thereto.

6.      All IP Addresses used to access, log into, register, modify, and/or make postings via all Steam communities identified in response to Request No. 4, including without limitation the IP Addresses associated with accounts having the right or ability to grant or deny access or issue "invites" to the Steam communities identified in Request No. 4 and/or in response thereto.

3

**Exhibit 1**
**Page 42**

7.      All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Steam Communities, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request No. 1:

> (a) engineowning[.]com
>
> (b) engineowning[.]to
>
> (c) engineowning[.]io
>
> (d) deactivision.com
>
> (e) dn-spoofer.com
>
> (f) keller-elite[.]com
>
> (g) garnatz[.]bz

8.      All IP Addresses for the following domain names that are affiliated with any of the Steam Communities, including to access, log into, register, verify, or update any of the Steam Communities in response to Document Request No. 7.

13881658.2

**Exhibit 1
Page 43**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| EngineOwning UG, a German coporation, et al. ____ | ) |
| *Defendant* | ) |

Civil Action No. 2:22-cv-00051

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: REDDIT, INC., c/o CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 98533

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                                        Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:

Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                                 *Server's signature*

                                                        _____
                                                                 *Printed name and title*

                                                        _____
                                                                 *Server's address*

Additional information regarding attempted service, etc.:



**Exhibit 1**
**Page 45**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



**Page 46**

## ATTACHMENT A

## I. INSTRUCTIONS

1.     Reddit, Inc. ("Reddit"), including its subsidiaries, related entities, and/or divisions, and its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.     Reddit is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.     Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.     The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.     "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.     The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

**Exhibit 1**
**Page 47**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.     The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.     The term "Reddit Community" means and refers to any and all means of communication such as forums, communities, chat areas, and private chat and/or messaging services made available through Reddit's products or services, including as discussed in Reddit's "User Agreement" as of September 12, 2021.

6.     The term "Identify" means:

(a)     for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)     for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)     in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

## III.  DOCUMENTS REQUESTED

1.     All Documents sufficient to Identify all individuals, entities, and accounts linked associated with, or related to the following names, account names, and/or screen names used in connection with the Reddit Communities:

(a)     Ubervisor (https://www.reddit.com/user/Ubervisor)

(b)     Apollo (https://www.reddit.com/user/ApolloEO/)

(c)     Bonsai (https://www.reddit.com/user/DieKakao)

2

**Exhibit 1**
**Page 48**

    (d)    KOYZ (https://www.reddit.com/user/KOYZRk)

    (e)    Luna (https://www.reddit.com/user/Tehlunayt and/or
https://www.reddit.com/user/Tehluna)

2.    All IP Addresses used to create, form, establish, moderate, or control the accounts or usernames identified in Request No. 1 and/or in response thereto.

3.    All IP Addresses used to access log into, register, modify, and/or make postings via the usernames identified in response to Request No.1 and/or in response thereto.

4.    All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Reddit Communities and/or accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request No. 1:

    (a)    engineowning[.]com

    (b)    engineowning[.]to

    (c)    engineowning[.]io

    (d)    deactivision.com

    (e)    dn-spoofer.com

    (f)    keller-elite[.]com

    (g)    garnatz[.]bz

5.    All IP Addresses for the following domain names that are affiliated with any of the Reddit Communities and/or accounts, including to access, log into, register, verify, or update any of the Reddit Communities and/or accounts in response to Document Request No. 4.

**Exhibit 1
Page 49**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No. 2:22-cv-00051 |
| | ) |
| EngineOwning UG, a German coporation, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  PAYPAL HOLDINGS, INC. c/o CT Corporation, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |
| | Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiff Activision Publishing, Inc.
_____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---



## ATTACHMENT A

### I. INSTRUCTIONS

1.　　PayPal Holdings, Inc. ("PayPal"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.　　PayPal is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.　　Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

### II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.　　The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.　　"And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.　　The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements,

13881630.2

**Exhibit 1**
**Page 53**

brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes, invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.      The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.      The term "PayPal Account" shall mean and refer to any and all user and/or customer accounts used for the purpose of doing business and/or facilitating transactions via Amazon's products and services.

6.      The term "Identify" means:

(a)      for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)      for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)      in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

## III. DOCUMENTS REQUESTED

1.      All Documents sufficient to Identify all individuals and/or entities associated with the following PayPal Accounts using the following email addresses, including actual names, addresses, telephone numbers, and any other identifying information regarding the creation and maintenance of the following accounts:

(a) dwerpyvault@gmail.com (DiscountDash)

(b) KatieDisdle @outlook.com (Hoodies Trap House)

(c) marionreichel75@gmail.com (shoppy.gg/@P1001Resell)

(d) marvin.reichel7@gmail.com (shoppy.gg/@P1001Resell)

2

**Exhibit 1**
**Page 54**

2.      All Documents sufficient to Identify all individuals and/or entities who have at any time held, owned, administered, sold software, transferred money from, or withdrawn money from any of the PayPal Accounts identified in response to Document Request No. 1.

3.      All IP Addresses used to access, log into, register, or update any of the PayPal Accounts identified in response to Document Request Nos. 1 and 2.

4.      All Documents sufficient to Identify all individuals and/or entities associated with the following PayPal Accounts using the following email addresses, including actual names, addresses, telephone numbers, and any other identifying information regarding the creation and maintenance of the accounts in response to Document Request No. 1:

      (a) skyfail @skyfail.eu  (EngineOwning)

      (b) nesvarusEO @airmail.cc (Implicit Change)

      (c) admin @engineowning.com (EngineOwning Software UG)

5.      All Documents sufficient to Identify all individuals and/or entities who have at any time held, owned, administered, sold software, transferred money from, or withdrawn money from any of the PayPal Accounts identified in response to Document Request No. 4.

6.      All IP Addresses used to access, log into, register, or update any of the PayPal Accounts identified in response to Document Request Nos. 4 and 5.

7.      All Documents sufficient to Identify all individuals and/or entities associated with the following domain names that are affiliated with any of the PayPal Accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request No. 1:

      (a) engineowning[.]com

      (b) engineowning[.]to

      (c) engineowning[.]io

      (d) deactivision.com

      (e) dn-spoofer.com

      (f) keller-elite[.]com

      (g) garnatz[.]bz

8.      All IP Addresses for the following domain names that are affiliated with any of the PayPal accounts, including to access, log into, register, verify, or update any of the PayPal accounts in response to Document Request No. 7.

3

**Exhibit 1**
**Page 55**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. 2:22-cv-00051 |
| | ) |
| EngineOwning UG, a German coporation, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  NAMECHEAP, INC., c/o NAMECHEAP LEGAL DEPARTMENT,  4600 East Washington Street, Ste. 305, Phoenix, AZ 85034

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 3737 N. 7th Street, Suite 209, Phoenix, AZ 85014, Telephone: (602) 248-9700 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit**
**Page 56**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

## I.  INSTRUCTIONS

1.     Namecheap, Inc. ("Namecheap"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.     Namecheap is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.     Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.     The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.     "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.     The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

13881617.1

**Exhibit 1**
**Page 59**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

  4. The term "IP Address" means Internet Protocol address and Internet Protocol number.

  5. The term "Identify" means:

    (a) for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

    (b) for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

    (c) in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III. DOCUMENTS REQUESTED

  1. All Documents sufficient to Identify all individuals, entities, and accounts associated with the registration, renewal, or ownership of the following domain names:

    (a) engineowning[.]com

    (b) engineowning[.]to

    (c) engineowning[.]io

    (d) deactivision.com

    (e) dn-spoofer.com

    (f) keller-elite[.]com

    (g) garnatz[.]bz

  2. All Documents sufficient to Identify all individuals, entities, and accounts that have made payments to Namecheap and/or been charged by Namecheap in connection with the registration, renewal, or ownership of the following domain names:

    (a) engineowning[.]com

2

**Exhibit 1
Page 60**

(b) engineowning[.]to

(c) engineowning[.]io

(d) deactivision.com

(e) dn-spoofer.com

(f) keller-elite[.]com

(g) garnatz[.]bz

3.      All IP Addresses used to access, log into, register, or update any of the Namecheap accounts identified in response to Document Request Nos. 1 and 2.

3

**Exhibit 1
Page 61**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Activision Publishing, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-00051 |
| | ) | |
| EngineOwning UG, a German coporation, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Meta Platforms, Inc, dba Instagram, c/o CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____, who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 9**
**Page 62**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                       *Server's signature*

                                                _____
                                                       *Printed name and title*

                                                _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:



American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 1**

**Page 63**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



**Page 64**

## ATTACHMENT A

## I.  INSTRUCTIONS

1.	Meta Platform, Inc. ("Meta"), including its "Instagram" business unit and its other divisions, business units, departments, and related entities, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, and any other persons acting on its behalf.

2.	Meta is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.	Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II.  DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.	The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.	"And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.	The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

**Exhibit 1**
**Page 65**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.     The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.     The term "Identify" means:

(a)     for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)     for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)     in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III.  DOCUMENTS REQUESTED

1.     All Documents sufficient to Identify all individuals, entities, and accounts linked associated with, or related to the following names, account names, and/or screen names:

(a)     Logixx (http://instagram.com/Sniker_DE_)

(b)     Proton1001 (https://www.instagram.com/proton1001)

2.     All IP Addresses used to register access, log into, modify, make postings, or transmit messages via any of the accounts identified in Request No. 1 and/or in response thereto.

3.     All Documents sufficient to Identify all individuals, entities, and accounts linked to, associated with, or related to the following account names, and/or screen names:

(a)     https://www.instagram.com/engine_owning

2

**Exhibit 1**
**Page 66**

     (b)    https://www.instagram.com/engineowningcheats

     (c)    https://www.instagram.com/engineowninghacks

4.     All IP Addresses used to register access, log into, modify, make postings, or transmit messages via any of the accounts identified in Request No. 3 and/or in response thereto.

5.     All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Instagram accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request Nos. 1 and 3:

     (a) engineowning[.]com

     (b) engineowning[.]to

     (c) engineowning[.]io

     (d) deactivision.com

     (e) dn-spoofer.com

     (f) keller-elite[.]com

     (g) garnatz[.]bz

6.     All IP Addresses for the following domain names that are affiliated with any of the Instagram accounts, including to access, log into, register, verify, or update any of the Instagram accounts in response to Document Request No. 5.

13881610.2

**Exhibit 1**
**Page 67**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. <br> _____ <br> *Plaintiff* | ) <br> ) <br> ) |
| v. | ) <br> ) |
| EngineOwning UG, a German coporation, et al. <br> _____ <br> *Defendant* | ) <br> ) <br> ) |

Civil Action No. 2:22-cv-00051

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: GITHUB, INC. c/o CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* <br> Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:

Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc. <br> www.FormsWorkFlow.com

**Exhibit**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



**Exhibit 1**
**Page 69**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

### I.  INSTRUCTIONS

1.      GitHub, Inc. ("GitHub"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.      GitHub is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.      Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

### II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.      The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.      "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.      The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

**Exhibit 1**
**Page 71**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.     The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.     The term "Identify" means:

(a)     for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)     for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)     in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

## III. DOCUMENTS REQUESTED

1.     All Documents sufficient to Identify all individuals, entities, and accounts associated with the registration, renewal, or ownership of the following code repositories:

(a) https://github.com/reciate

(b) https://github.com/VIEWVIEWVIEW

(c) https://github.com/9dc

(d) https://github.com/Speedi13

2.     All Documents sufficient to Identify all individuals, entities, and accounts that have made payments to GitHub and/or been charged by GitHub in connection with the registration, renewal, or ownership of the following code repositories:

(a) https://github.com/reciate

(b) https://github.com/VIEWVIEWVIEW

(c) https://github.com/9dc

(d) https://github.com/Speedi13

2

3.        All IP Addresses used to access, log into, register, or update any of the GitHub accounts identified in response to Document Request Nos. 1 and 2.

4.        All Documents sufficient to Identify all individuals, entities, and accounts associated with the registration, renewal, or ownership of the following code repositories:

> (a) https://github.com/EngineOwningSoftware
>
> (b) https://github.com/EngineOwning-Community
>
> (c) https://github.com/EngineOwning

5.        All Documents sufficient to Identify all individuals, entities, and accounts that have made payments to GitHub and/or been charged by GitHub in connection with the registration, renewal, or ownership of the following code repositories:

> (a) https://github.com/EngineOwningSoftware
>
> (b) https://github.com/EngineOwning-Community
>
> (c) https://github.com/EngineOwning

6.        All IP Addresses used to access, log into, register, or update any of the GitHub accounts identified in response to Document Request Nos. 4 and 5.

7.        All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the GitHub accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request Nos. 1 and 4:

> (a) engineowning[.]com
>
> (b) engineowning[.]to
>
> (c) engineowning[.]io
>
> (d) deactivision.com
>
> (e) dn-spoofer.com
>
> (f) keller-elite[.]com
>
> (g) garnatz[.]bz

8.        All IP Addresses for the following domain names that are affiliated with any of the GitHub accounts, including to access, log into, register, verify, or update any of the GitHub accounts in response to Document Request No. 7.

13881602.2

**Exhibit 1**
**Page 73**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| EngineOwning UG, a German coporation, et al. | ) |
| _Defendant_ | ) |

Civil Action No. 2:22-cv-00051

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  DISCORD, INC. c/o CT Corporation, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

_____
_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| | |
|---|---|
| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        _CLERK OF COURT_

                                                    OR

_____              _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_
                                             Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiff
Activision Publishing, Inc._____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 /
Telephone: 310-312-2000, mem@msk.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



**Page 75**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



<u>**ATTACHMENT A**</u>

**I.  INSTRUCTIONS**

1.      Discord, Inc. ("Discord"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.      Discord is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.      Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

**II.  DEFINITIONS**

As used herein, the following terms are intended to have the meanings indicated:

1.      The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.      "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.      The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.      The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.      The term "Discord Channel" means and refers to any and all means of communication such as forums, communities, chat areas, and private chat and/or messaging services made available through Discord products or services, including as discussed in Discord's "Rules of Conduct and Usage" as of May 7, 2020.

6.      The term "Identify" means:

(a)     for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)     for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)     in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

## III.  DOCUMENTS REQUESTED

1.      All Documents sufficient to Identify all individuals, entities, and accounts linked to or associated with the creation, formation, establishment, moderation, or control of any and all Discord Channels or servers bearing the following guild IDs and/or server IDs and server names:

(a)     DiscordOwningtm and/or server ID #897443503024513034

(b)     Gangster and/or server ID #902637412012937297

(c)     EngineGoBrrr and/or server ID #897960595960250368

2

(d)     MotorOwning and/or server ID #897197782706831432

(e)     Engine Owning and/or server ID #866744960484114482

(f)     EO Status and/or server ID #836968152390303764

(g)     MOtOrB3stzen and/or server ID #773969630246076437

(h)     Motorbesitzen and/or server ID #763509475561701376

2.      All IP Addresses used to create, form, establish, moderate, or control the Discord Channels identified in Request No. 1 and/or in response thereto, including without limitation the IP Addresses used by individuals with the right or ability to grant or deny access or issue "invites" to such Discord Channels.

3.      All IP Addresses used to access, log into, register, modify, and/or make postings to the Discord Channels identified in response to Request No. 1, including without limitation the IP Addresses associated with accounts having the right or ability to grant or deny access or issue "invites" to the Discord Channels identified in Request No. 1 and/or in response thereto.

4.      All Documents sufficient to Identify all individuals, entities, and accounts linked to, associated with, or related to the following account names, screen names, and/or user ID numbers:

(a)     Ubervisor#3350 and/or 704025986798321744

(b)     mortyy#2474 and/or 773673706434068511

(c)     koides#5269 and/or 773971965886595144

(d)     EhlonMoosk#4354 and/or 809939123128500285

(e)     m0t0rb3s1tz3n#3262 and/or 897196326272512000

(f)     nobodyEO#6383 and/or 905536739525951509

(g)     Big Pile of Poop#7261 and/or 871358465157771285

(h)     Bonsai#0451 and/or 754335484360130561

(i)     Bonsai#9706 and/or 898274065968660510

(j)     5euro #0005 and/or 42821104030030233

(k)     LionGhost#8144 and/or 495399375351185449

(l)     Sniker#4424 and/or 315139295201460234

(m)     T93133333#3923 and/or 762415924426833970

(n)     Pr0ton1OO1#3455 and/or 760928770826829864

(o)     dimi#0808 and/or 650062627447373839

(p)     Luna#6666 and/or 284005229316276224

(q)     Xeon#3125 and/or 208709204385595402

(r)     moomoo#0001 and/or 728707183344353291

Exhibit 1
Page 79

(s)     Chronos#7552 and/or 774342991761768509

(t)     Mk.goodlife#4076 and/or 314898431170576385

(u)     Not0x1337#9868 and/or 760210009988005968

(v)     0x1337#1337 and/or 19117949565743923

(w)     Homie#0050 and/or 773994669674987560

(x)     Apollo#1001 and/or 354688980257865738

(y)     KOYZ#3599 and/or 229977096078753793

(z)     LuoZheng#5692 and/or 896377747507675176

(aa)    LuoZheng#2325 and/or 872868326697746472

(bb)    WhiteObama#5569 and/or 825748003255615510

(cc)    Gangster#1330 and/or 902635038775062578

(dd)    Disguysed#5798 and/or 871340469035094017

(ee)    Texas Instruments#2383 and/or 871349193736871956

(ff)    Alex0r#2106 and/or 871351538277310527

(gg)    Astar#1337 and/or 306528699564425227

(hh)    _a#0001 and/or 490036915211468801

(ii)    EPICKYY#1243 and/or 255421376213549067

(jj)    HAM#7481 and/or 195545147600011275

(kk)    Disguysed#5798 and/or 871340469035094017

(ll)    Anemone#6947 and/or 841987072394526730

(mm)    Zain#6969 and/or 175937051512930304

(nn)    Zain#5910 and/or 858758084595679253

(oo)    Supreme#4606 and/or 607308155373748225

(pp)    Zhavia#8008 and/or 760200574410424360

(qq)    Hoodie#1337 and/or 799421940652834846

(rr)    SugMadic#9780 and/or 775106123627102249

(ss)    Kamay#0666 and/or 760201981607936040

(tt)    jagrr#7999 and/or 760214036620771398

5.      All IP Addresses used to create, form, establish, moderate, or control the Discord accounts identified in Request No. 4 and/or in response thereto.

6.      All IP Addresses used to access, log into, register, modify, and/or make postings via all Discord accounts identified in response to Request No. 4.

4

**Exhibit 1**
**Page 80**

7.      All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Discord accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request Nos. 1 and 4.

(a) engineowning[.]com

(b) engineowning[.]to

(c) engineowning[.]io

(d) deactivision.com

(e) dn-spoofer.com

(f) keller-elite[.]com

(g) garnatz[.]bz

8.      All IP Addresses for the following domain names that are affiliated with any of the Discord accounts, including to create, form, establish, moderate, or control the Discord accounts identified in Request No. 7.

9.      All IP Addresses for the following domain names that are affiliated with any of the Discord accounts, including to access, log into, register, verify, or update any of the Discord accounts in response to Document Request No. 7.

13878195.2

**Exhibit 1**
**Page 81**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. _____ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:22-cv-00051 |
| ) | |
| EngineOwning UG, a German coporation, et al. _____ ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Amazon.com, Inc., c/o Corporation Service Co., 300 Deschutes Way SW, Ste. 208 MC-CSC1, Tumwater, WA 98501

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records., c/o Seattle Legal Messenger Services, 4201 Aurora Ave., N. #200, Seattle, WA 98103 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                             *Server's signature*

                                                    _____
                                                             *Printed name and title*

                                                    _____
                                                             *Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

## I. INSTRUCTIONS

1.    Amazon.com, Inc. ("Amazon"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.    Amazon is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.    Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.    The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.    "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.    The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

13881580.2

**Exhibit 1**
**Page 85**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.     The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.     The term "Amazon Pay Account" shall mean and refer to any and all user and/or customer accounts used for the purpose of doing business and/or facilitating transactions via Amazon's products and services.

6.     The term "Identify" means:

(a)     for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)     for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)     in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

## III. DOCUMENTS REQUESTED

1.     All Documents sufficient to Identify all individuals and/or entities associated with the following Amazon Pay Accounts using the following email addresses, including actual names, addresses, telephone numbers, and any other identifying information regarding the creation and maintenance of the accounts:

(a) admin@engineowning[.]to

(b) management@engineowning[.]to

(c) skyfail@keller-elite[.]com

(d) admin@garnatz[.]bz

(e) diekakaolp @web.de

(f)  m-b-n @hotmail.de

13881580.2

**Exhibit 1**
**Page 86**

(g) Speedi13_im_web@web.de

(h) Proton1001@outlook.com

2.      All Documents sufficient to Identify all individuals and/or entities who have at any time held, owned, administered, transferred money from, or withdrawn money from any of the Amazon Pay Accounts identified in response to Document Request No 1.

3.      All IP Addresses used to access, log into, register, or update any of the Amazon Pay Accounts identified in response to Document Request Nos. 1 and 2.

4.      All Documents sufficient to Identify all individuals and/or entities associated with the following Amazon account, including actual names, addresses, telephone numbers, and any other identifying information regarding the creation and maintenance of the accounts in response to Document Request No. 1:

> oc-amazon @calypso-it .com
> Company Details:
> Name: Calypso IT Services GmbH
> DBA: CLYP // EngineOwning
> Address: Bösch 65 Hünenberg, ZUG, 6331 Switzerland
> Phone: +41-417815950
> Key Principle: Mr Beat Walker
> Parent: BMS Management und Seminar AG

5.      All Documents sufficient to Identify all individuals and/or entities who have at any time held, owned, administered, transferred money from, or withdrawn money from the Amazon account identified in response to Document Request No. 4.

6.      All IP Addresses used to access, log into, register, or update any of the Amazon account identified in response to Document Request Nos. 4 and 5.

7.      All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Amazon Pay accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request Nos. 1 and 4:

(a) engineowning[.]com

(b) engineowning[.]to

(c) engineowning[.]io

(d) deactivision.com

(e) dn-spoofer.com

(f) keller-elite[.]com

(g) garnatz[.]bz

3

**Exhibit 1**
**Page 87**

8.      All IP Addresses for the following domain names that are affiliated with any of the Amazon Pay accounts, including to access, log into, register, verify, or update any of the Amazon Pay accounts in response to Document Request No. 7.

4

**Exhibit 1**
**Page 88**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. _____ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:22-cv-00051 |
| ) | |
| EngineOwning UG, a German coporation, et al. ____ ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: COINBASE GLOBAL, INC. c/o CT Corporation, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| | |
|---|---|
| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Activision Legal Recs, Inc.
www.firstlegal.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



Page 90

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

### I. INSTRUCTIONS

1.      Coinbase Global, Inc. ("Coinbase"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.      Coinbase is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.      Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

### II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.      The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.      "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular, and the singular includes the plural. The masculine gender of any word used herein includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.      The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence. Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

13882475.2

**Exhibit 1**
**Page 92**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.      The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.      The term "Coinbase Wallet" shall mean and refer to any and all user and/or customer accounts used for the purpose of doing business and/or facilitating transactions.

6.      The term "Identify" means:

(a)      for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)      for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)      in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III. DOCUMENTS REQUESTED

1.      All Documents sufficient to Identify all individuals and/or additional entities associated with the following Coinbase Wallets, including actual names, email addresses, addresses, telephone numbers, and any other identifying information regarding the creation and maintenance of the Coinbase Wallets belonging to the following:

(a) EngineOwning

(b) EngineOwning UG

(c) CMM Holdings S.A.

(d) Valentin Rick

(e) Leonard Bugla

(f) Leon Frisch

(g) Ignacio Gayduchenko

2

**Exhibit 1**
**Page 93**

(h) Marc-Alexander Richts

(i) Alexander Kleeman

2.      All Documents sufficient to Identify all individuals and/or additional entities who have at any time held, owned, administered, sold, transferred, or withdrew cryptocurrency and/or money from any of the Coinbase Wallets identified in response to Document Request No. 1.

3.      All IP Addresses used to access, log into, register, verify, or update any of the Coinbase Wallets identified in response to Document Request Nos. 1 and 2.

4.      All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with any of the Coinbase Wallets and/or accounts, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request No. 1:

(a) engineowning[.]com

(b) engineowning[.]to

(c) engineowning[.]io

(d) deactivision.com

(e) dn-spoofer.com

(f) keller-elite[.]com

(g) garnatz[.]bz

5.      All IP Addresses for the following domain names that are affiliated with any of the Coinbase Wallets and/or accounts, including to access, log into, register, verify, or update any of the Coinbase Wallets and/or accounts in response to Document Request No. 4.

3

**Exhibit 1**
**Page 94**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00051 |
| | ) |
| EngineOwning UG, a German coporation, et al. _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  CLOUDFLARE, INC., c/o Registered Agent Solutions, Inc., 720 14th Street, Sacramento, CA 95814
_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (4058) 287-9711 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

   *CLERK OF COURT*

                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                              Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



Page 96

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT A

## I.  INSTRUCTIONS

1.      Cloudflare, Inc. ("Cloudflare"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.      Cloudflare is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.      Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II.  DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.      The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.      "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.      The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

13884976.1

**Exhibit 1**
**Page 98**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.      The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.      The term "Identify" means:

(a)      for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)      for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)      in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III. DOCUMENTS REQUESTED

1.      All Documents sufficient to Identify all individuals, entities, and accounts associated with the registration, renewal, or ownership of the following domain names:

(a) engineowning[.]com

(b) engineowning[.]to

(c) engineowning[.]io

(d) deactivision.com

(e) dn-spoofer.com

(f) keller-elite[.]com

(g) garnatz[.]bz

2.      All Documents sufficient to Identify all individuals, entities, and accounts that have made payments to Cloudflare and/or been charged by Cloudflare in connection with the registration, renewal, or ownership of the following domain names:

(a) engineowning[.]com

2

**Exhibit 1**
**Page 99**

(b) engineowning[.]to

(c) engineowning[.]io

(d) deactivision.com

(e) dn-spoofer.com

(f) keller-elite[.]com

(g) garnatz[.]bz

3.      All IP Addresses used to access, log into, register, or update any of the Cloudflare accounts identified in response to Document Request Nos. 1 and 2.

13884976.1

**Exhibit 1**
**Page 100**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Activision Publishing, Inc. _____<br>*Plaintiff* | )<br>)<br>) |
| v. | )  Civil Action No. 2:22-cv-00051 |
| EngineOwning UG, a German coporation, et al. _____<br>*Defendant* | )<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  TRUSTPILOT, INC., c/o CT Corporation System, 28 Liberty Street, New York, NY 10005
_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, c/o PM Legal, 1235 Broadway, 2nd Floor, New York, NY 10001; (Telephone): 877-591-9979 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

    *CLERK OF COURT*

                                                    OR

_____            _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*
                                                    Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc. _____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Activision Legal Ret. Inc.<br>www._____.com

**Exhibit**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



**Page 102**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



# ATTACHMENT A

## I. INSTRUCTIONS

1. Trustpilot, Inc. ("Trustpilot"), including its subsidiaries, related entities, and/or divisions, and its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2. Trustpilot is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3. Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1. The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2. "And" means "and/or" and "or" means "and/or."  The plural of any word used herein includes the singular, and the singular includes the plural.  The masculine gender of any word used herein includes the feminine.  The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3. The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence.  Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

**Exhibit 1
Page 104**

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

4.     The term "IP Address" means Internet Protocol address and Internet Protocol number.

5.     The term "Trustpilot Community" means and refers to any and all means of communication such as forums, communities, chat areas, and private chat and/or messaging services made available through Trustpilot's products or services, including as discussed in Trustpilot's  "Terms and Conditions" as of April 2014 and "Terms of Use and Sale for Businesses" as of September 2020.

6.     The term "Identify" means:

(a)     for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

(b)     for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

(c)     in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III.  DOCUMENTS REQUESTED

1.     All Documents sufficient to Identify all individuals, entities, and accounts linked to or associated with the creation, formation, establishment, moderation, or control of the following Trustpilot Community:

(a)     https://www.trustpilot.com/review/engineowning.to

13886415.1

**Exhibit 1**
**Page 105**

2.      All IP Addresses used to create, form, establish, moderate, or control the Trustpilot Community identified in Request No. 1 and/or in response thereto, including without limitation the IP Addresses used by individuals with the right or ability to grant or deny access or issue "invites" to such Trustpilot Community.

3.      All IP Addresses used to access, log into, register, modify, and/or make postings to the Trustpilot Community identified in response to Request No. 1, including without limitation the IP Addresses associated with accounts having the right or ability to grant or deny access or issue "invites" to the Trustpilot Community identified in Request No. 1 and/or in response thereto.

4.      All Documents sufficient to Identify all individuals and/or additional entities associated with the following domain names that are affiliated with the Trustpilot Community, including actual names, email addresses, addresses, telephone numbers, and any other identifying information in response to Document Request No. 1.

> (a) engineowning[.]com
>
> (b) engineowning[.]to
>
> (c) engineowning[.]io
>
> (d) deactivision.com
>
> (e) dn-spoofer.com
>
> (f) keller-elite[.]com
>
> (g) garnatz[.]bz

5.      All IP Addresses for the following domain names that are affiliated with any of the Trustpilot Community, including to create, form, establish, moderate, or control the Trustpilot Community identified in Request No. 4.

6.      All IP Addresses for the following domain names that are affiliated with any of the Trustpilot Communities, including to access, log into, register, verify, or update any of the Trustpilot Communities in response to Document Request No. 4.

13886415.1

**Exhibit 1**
**Page 106**