1  MARC E. MAYER (SBN 190969)
    mem@msk.com
2  MARK C. HUMPHREY (SBN 291718)
    mxh@msk.com
3  GENEVIEVE L. JAVIDZAD (SBN 336138)
    glj@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>ENGINEOWNING UG, a German corporation, CMM HOLDINGS S.A., a German corporation, VALENTIN RICK, an individual, LEONARD BUGLA, an individual, LEON FRISCH, an individual, IGNACIO GAYDUCHENKO, an individual, MARC-ALEXANDER RICHTS, an individual, ALEXANDER KLEEMAN, an individual, and DOES 1-50, inclusive,<br><br>  Defendants. | CASE NO. 2:22-cv-00051-MWF (JCx)<br><br>[Assigned to Judge Michael W. Fitzgerald]<br><br>***EX PARTE* APPLICATION FOR LEAVE TO SERVE SUBPOENA ON COINBASE, INC.**<br><br>[[Proposed] Order filed concurrently herewith]<br><br>Complaint Filed: January 4, 2022 |

# NOTICE OF *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that Plaintiff Activision Publishing, Inc. ("Plaintiff" or "Activision") hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) for leave to serve a Subpoena upon Coinbase, Inc. for the purpose of identifying "Doe" Defendants in this action.

Good cause exists for leave to serve the requested subpoena. Specifically, on January 14, 2022, this Court issued an Order granting leave to take early discovery (Dkt. 10), including to issue a subpoena to Coinbase Global, Inc. ("Coinbase Global.") However, Coinbase Global has claimed that the information requested is in the possession of its affiliate, Coinbase, Inc. Thus, Coinbase Global has refused to provide responsive information, and has demanded that Activision issue a new subpoena to Coinbase, Inc. By this Application, Plaintiff seeks leave to serve this additional subpoena. A copy of the proposed Subpoena is attached as **Exhibit 1** to this Motion. The new subpoena is nearly identical to the one served on Coinbase Global, but one request has been narrowed and clarified.

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the Complaint in this action, the original *Ex Parte* Application (Dkt. 9) and the Court's Order granting the *Ex Parte* Application (Dkt. 10), and such other and further oral or documentary evidence and legal memoranda as may be presented at or before any hearing on this Application. This Application is made on an *ex parte* basis in order to ensure that the information is obtained (and, if necessary, any pleadings amended) on a timely basis.

DATED: March 16, 2022

MARC E. MAYER
MARK C. HUMPHREY
GENEVIEVE L. JAVIDZAD
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
      Marc E. Mayer (SBN 190969)
      Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

This is an action for violation of the anti-circumvention provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, and for intentional interference with contract, arising from Defendants' development, marketing, distribution, and sale of a malicious software product known as "EngineOwning" ("EO").  The EO software enables players to cheat in the popular video game franchise *Call of Duty*.

On January 14, 2022, this Court issued an Order granting an Application (Dkt. 9) by Plaintiff Activision Publishing, Inc. ("Plaintiff" or "Activision") for leave to take limited early discovery in the form of fifteen subpoenas to third party service providers (Dkt. 10).  In that application, Activision explained this discovery would either identify, or lead to the discovery of, a group of "Doe" Defendants as yet unnamed in this case.  Among the subpoenas that the Court authorized Activision to serve was a subpoena to Coinbase Global, Inc. ("Coinbase Global"), a payment processor that provided services to EO and its agents or employees.

On January 19, 2022, Activision served the Coinbase Global subpoena via its agent for service of process.  On February 15, 2022, Coinbase Global (via its outside counsel) served objections to the subpoena, and refused to produce any documents.  Specifically, in response to each of the requests in the subpoena, Coinbase Global provided the same exact same form objections, which included the following statement:

> Coinbase objects to this request to the extent it purports to require the production of documents other than those in the possession, custody, or control of Coinbase Global, Inc. as this subpoena was issued to Coinbase Global, Inc. Specifically, Coinbase objects to this request to the extent it seeks the production of documents in the possession, custody, or control of Coinbase Global, Inc.'s "subsidiaries" or "related entities." Coinbase will search for and produce documents only in the possession,

custody or control of Coinbase Global, Inc. Subject to and without waiving these objections, Coinbase responds that Coinbase Global, Inc. has no responsive documents in its possession, custody, or control. Coinbase Global, Inc is a holding company and does not itself offer services directly to users.

After receiving the objections, Activision's counsel met and conferred with Coinbase Global's counsel. Coinbase Global stated that any of the requested documents were in the possession of its wholly owned subsidiary, Coinbase, Inc. Coinbase Global's counsel also stated that it would not produce any documents in the possession of its subsidiary and instead would only produce documents in response to a subpoena issued to "Coinbase, Inc."

Activision believes that Coinbase Global's position is purely a delay tactic, since it appears that "Coinbase Global, Inc." and "Coinbase, Inc." are closely related entities and share employees. Nevertheless, rather than engage in motion practice, Activision has determined that the most efficient way to proceed is to seek leave of court to serve a new, amended subpoena on Coinbase, Inc. The new subpoena is substantively similar to the prior subpoena, but merely replaces the name of the subpoenaed party from "Coinbase Global, Inc." to "Coinbase, Inc." and simplifies and clarifies one of the requests. Additionally, counsel for Coinbase Global has agreed to accept service of this new subpoena to Coinbase, Inc.

Accordingly, Activision requests that the Court grant it leave to file the subpoena attached as Exhibit 1 on Coinbase, Inc.

DATED: March 16, 2022              MARC E. MAYER
                                   MARK C. HUMPHREY
                                   GENEVIEVE L. JAVIDZAD
                                   MITCHELL SILBERBERG & KNUPP LLP

                                   By: */s/ Marc E. Mayer*
                                       Marc E. Mayer (SBN 190969)
                                       Attorneys for Plaintiff

# EXHIBIT 1

Exhibit 1
Page 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| Activision Publishing, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-00051 |
| | ) | |
| EngineOwning UG, a German coporation, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: COINBASE, INC. c/o CT Corporation, 330 North Brand Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place: First Legal Records, 115 N. 4th Street, Suite 127-B, San Jose, CA 95112, Telephone: (408) 287-9711 | Date and Time: March 28, 2022 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*
                                                          Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Activision Publishing, Inc._____, who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / Telephone: 310-312-2000, mem@msk.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1
Page 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00051

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



Exhibit 1
Page 7

Case 2:22-cv-00051-MWF-JC   Document 13   Filed 03/16/22   Page 8 of 11   Page ID #:204

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---



Exhibit 1
Page 8

# ATTACHMENT A

## I. INSTRUCTIONS

1.	Coinbase, Inc. ("Coinbase"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.

2.	Coinbase is to produce any Microsoft Excel and/or other database-related files in their native electronic format.

3.	Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5).

## II. DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.	The phrase "All Documents" means every Document, whether an original or copy as defined below, and every such Document or writing that can be located through reasonably diligent efforts.

2.	"And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular, and the singular includes the plural. The masculine gender of any word used herein includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

3.	The terms "Document" and "Documents" include without limitation the original and all drafts of all written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), whether printed or recorded electronically or magnetically or reproduced by hand, including documents and electronically stored information as defined by Rule 34(a) of the Federal Rules of Civil Procedure and writings and recordings as defined by Rule 1001(1) of the Federal Rules of Evidence. Examples of "Documents" are: agreements or contracts, communications, correspondence, e-mails, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, message pads, forecasts, statistical statements, accountants' workpapers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, sound recordings, images, data or data compilations stored in any medium, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars, trade letters, press releases, stenographic or handwritten or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes,

invoice vouchers, data processing cards, tapes, backup tapes, disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any other document or writing of whatever description, including but not limited to any other information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed.

   4.  The term "IP Address" means Internet Protocol address and Internet Protocol number.

   5.  The term "Coinbase Wallet" shall mean and refer to any and all user and/or customer accounts used for the purpose of doing business and/or facilitating transactions.

   6.  The term "Identify" means:

    (a)  for individuals, to provide the name, Social Security number, date of birth, home addresses, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs;

    (b)  for entities, to provide the name, office addresses, mailing addresses, billing addresses, e-mail addresses, telephone numbers, facsimile numbers, Media Access Control number, related Internet websites, IP Addresses used by the subscriber with the date, time zone, hour, minute, and second when each IP Address was used, and any and all other identifying information, including, for example, information contained on any activity logs; and

    (c)  in all other instances, the term shall be construed in accordance with its ordinary meaning, with the object of providing information sufficient to permit complete and accurate identification of the requested subject matter.

### III. DOCUMENTS REQUESTED

   1.  All Documents sufficient to Identify all individuals and/or additional entities associated with the following Coinbase Wallets, including actual names, email addresses, addresses, telephone numbers, and any other identifying information regarding the creation and maintenance of the Coinbase Wallets belonging to the following:

    (a) EngineOwning

    (b) EngineOwning UG

    (c) CMM Holdings S.A.

    (d) Valentin Rick

    (e) Leonard Bugla

    (f) Leon Frisch

    (g) Ignacio Gayduchenko

    (h) Marc-Alexander Richts

    (i) Alexander Kleeman

  2. All Documents sufficient to Identify all individuals and/or additional entities who have at any time held, owned, administered, sold, transferred, or withdrew cryptocurrency and/or money from any of the Coinbase Wallets identified in response to Document Request No. 1.

  3. All IP Addresses used to access, log into, register, verify, or update any of the Coinbase Wallets identified in response to Document Request Nos. 1 and 2.

  4. All Documents sufficient to Identify any Coinbase Wallets associated with the following domain names or email domains:

    (a) engineowning[.]com

    (b) engineowning[.]to

    (c) engineowning[.]io

    (d) deactivision.com

    (e) dn-spoofer.com

    (f) keller-elite[.]com

    (g) garnatz[.]bz

  5. All IP Addresses used to access any Coinbase Wallets identified in response to Request No. 4.