MARC E. MAYER (SBN 190969)
  mem@msk.com
MARK C. HUMPHREY (SBN 291718)
  mxh@msk.com
GENEVIEVE L. JAVIDZAD (SBN 336138)
  glj@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENGINEOWNING UG, a German corporation, CMM HOLDINGS S.A., a German corporation, VALENTIN RICK, an individual, LEONARD BUGLA, an individual, LEON FRISCH, an individual, IGNACIO GAYDUCHENKO, an individual, MARC-ALEXANDER RICHTS, an individual, ALEXANDER KLEEMAN, an individual, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 2:22-cv-00051-MWF (JCx)<br><br>[Assigned to Judge Michael W. Fitzgerald]<br><br>***EX PARTE* APPLICATION FOR ENTRY OF AMENDED PROTECTIVE ORDER**<br><br>Complaint Filed: January 4, 2022 |

Mitchell
Silberberg &
Knupp LLP
14079864.1

## NOTICE OF *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that Plaintiff Activision Publishing, Inc. ("Plaintiff") hereby applies *ex parte* pursuant to Federal Rule of Civil Procedure 26(d) for the Court to enter a protective order (the "Protective Order") in the above-captioned case in order to clarify the parameters of confidentiality designations and maintain the confidentiality of documents exchanged during the expedited discovery phase of the instant suit.

On January 14, 2022, this Court issued an Order granting leave to take early discovery (Dkt. 10).  Since then, Plaintiff has obtained evidence providing for the identities of unnamed or alias "Doe" Defendants in this action, and anticipates obtaining more information as subpoenaed parties continue to provide responsive documents.

On March 21, 2022, at Plaintiff's request, the Court issued a Protective Order in order to protect the confidentiality of information obtained through early discovery (Dkt. 16).  However, after the issuance of the Protective Order, certain third parties advised Plaintiff that certain materials to be produced are highly sensitive and proprietary and must be designated as "Highly Confidential."  These parties thus requested that the Protective Order be amended to include a second "Attorneys' Eyes Only" tier of protection.  By this Application, Plaintiff seeks to have the proposed Amended Protective Order attached as **Exhibit 1** to this Application entered by the Court in order to protect the confidentiality of information obtained through early discovery. The proposed Amended Protective Order complies with this Court's model protective order and is largely identical to the prior Protective Order, except that it includes "Attorneys' Eyes Only" provisions.

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the Complaint in this action, and such other and further oral or documentary evidence and legal memoranda as may be presented at or before

Mitchell
Silberberg &
Knupp LLP
14079864.1

2

1    any hearing on this Application.  This Application is made on an *ex parte* basis in

2    order to ensure that the Protective Order is entered (and, consequently, subpoena

3    responses obtained and pleadings amended) on a timely basis.

4
5    DATED:  March 23, 2022                MARC E. MAYER
                                           MARK C. HUMPHREY
6                                          GENEVIEVE L. JAVIDZAD
                                           MITCHELL SILBERBERG & KNUPP LLP
7
8                                          By:  */s/ Marc E. Mayer*
                                                Marc E. Mayer (SBN 190969)
9                                               Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

14079864.1

3

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

On January 13, 2022, Activision filed an *Ex Parte* Application (Dkt. 9) seeking leave to take circumscribed early discovery from various third party service providers that Defendants used to commit their illegal activities. This Court granted the application on January 14, 2022, and shortly thereafter Activision served the subpoenas.  In the time since the subpoenas were served, certain of the third parties have sought to designate the documents they have produced as "Confidential" and/or have requested entry of a protective order, so as to facilitate the production of those documents while also protecting their own rights.

On March 21, 2022, at Plaintiff's request, the Court issued a Protective Order in order to protect the confidentiality of information obtained through early discovery (Dkt. 16).  However, after the issuance of the Protective Order, certain third parties advised Plaintiff that some specific materials they intend to produce are highly sensitive and proprietary, and must be subject to a "Highly Confidential" level of protection.  These parties thus requested that the Protective Order be amended to include a second "Attorneys' Eyes Only" tier of protection.

Accordingly, by this Application, Activision seeks entry of the attached Amended Protective Order, which is substantially the same as the Attorneys' Eyes Only Form Protective Order available at Magistrate Judge Chooljian's website (https://www.cacd.uscourts.gov/honorable-jacqueline-chooljian).  Additionally, except for the addition of an "Attorneys' Eyes Only" tier, the Amended Protective Order is the same as the first Protective Order.

Good cause exists for the entry of the Protective Order, as such an Order is necessary to clarify the parameters of "Confidential" and "Highly Confidential" designations from certain subpoenaed parties.  Moreover, Activision cannot file a Stipulated Protective Order, as no other parties have yet appeared in this action.

Accordingly, for the foregoing reasons Activision seeks to have the Amended Protective Order attached as **Exhibit 1** entered in the instant suit.

1    DATED:  March 23, 2022            MARC E. MAYER
                                       MARK C. HUMPHREY
2                                      GENEVIEVE L. JAVIDZAD
                                       MITCHELL SILBERBERG & KNUPP LLP
3

4                                      By:  */s/ Marc E. Mayer*
                                            Marc E. Mayer (SBN 190969)
5                                           Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell          28
Silberberg &
Knupp LLP

14079864.1                                  5

# EXHIBIT 1

**Exhibit 1**
**Page 6**

1
MARC E. MAYER (SBN 190969)
   mem@msk.com
2
MARK C. HUMPHREY (SBN 291718)
   mxh@msk.com
3
GENEVIEVE L. JAVIDZAD (SBN 336138)
   glj@msk.com
4
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
5
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
6
Facsimile: (310) 312-3100

7
Attorneys for Plaintiff

8

9
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11
ACTIVISION PUBLISHING, INC., a
Delaware corporation,

12
                         Plaintiff,

13

14
             v.

15
ENGINEOWNING UG, a German
corporation, CMM HOLDINGS S.A., a
German corporation, VALENTIN
16
RICK, an individual, LEONARD
BUGLA, an individual, LEON
17
FRISCH, an individual, IGNACIO
GAYDUCHENKO, an individual,
18
MARC-ALEXANDER RICHTS, an
individual, ALEXANDER KLEEMAN,
19
an individual, and DOES 1-50,
inclusive,
20

21
                         Defendants.

| | |
|---|---|
| CASE NO. 2:22-cv-00051-MWF (JCx) | |
| [Assigned to Judge Michael W. Fitzgerald] | |
| **AMENDED PROTECTIVE ORDER** | |
| Complaint Filed: January 4, 2022 | |

22
    1.     A. <u>PURPOSES AND LIMITATIONS</u>

23
         As Plaintiff Activision Publishing, Inc. ("Plaintiff") has represented, discovery

24
in this action is likely to involve production of confidential, proprietary, or private

25
information for which special protection from public disclosure and from use for any

26
purpose other than prosecuting this litigation may be warranted.  Accordingly, this

27
Court enters the following Protective Order.  This Order does not confer blanket

28
protections on all disclosures or responses to discovery.  The protection it affords from

14079808.1

Exhibit 1
Page 7

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

B. GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this case and Plaintiff's representation that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is Plaintiff's intent that any information/documents shall not be designated as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1      Action:  *Activision Publishing, Inc. v. EngineOwning UG, et al.*, case no. 2:22-cv-00051-MWF (JCx).

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

2

Exhibit 1
Page 8

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff), including Plaintiff's co-counsel in Germany who are engaged in parallel litigation.).

2.6    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm

3

14079808.1

Exhibit 1
Page 9

which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

14079808.1

**Exhibit 1**
**Page 10**

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5

14079808.1

Exhibit 1
Page 11

Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection,

6

14079808.1

Exhibit 1
Page 12

the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

7

14079808.1

Exhibit 1
Page 13

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Plaintiff's co-counsel in Germany, who are engaged in parallel litigation;

(e)  the court and its personnel;

(f)  private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party

8

14079808.1

Exhibit 1
Page 14

requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(j)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   the court and its personnel;

(d)   private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

9

14079808.1

Exhibit 1
Page 15

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(h)     such other persons to whom the Designating Party has agreed in writing that disclosure may be made, provided that such persons are advised of this Protective Order and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or

10

Exhibit 1
Page 16

encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, *et seq.* within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within 14

11

days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective

12

Exhibit 1
Page 18

Order.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

13

14079808.1

Exhibit 1
Page 19

of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO ORDERED.

DATED:

_____
Honorable Jacqueline Chooljian
United States Magistrate Judge

14079808.1

**Exhibit 1**
**Page 20**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Activision Publishing, Inc. v. EngineOwning UG et al.*, Case No, 2:22-cv-00051-MWF (JCx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

15

14079808.1

**Exhibit 1**
**Page 21**