MARC E. MAYER (SBN 190969) mem@msk.com
MARK C. HUMPHREY (SBN 291718) mxh@msk.com
GENEVIEVE L. JAVIDZAD (SBN 336138) glj@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENGINEOWNING UG, a German corporation, CMM HOLDINGS S.A., a German corporation, VALENTIN RICK, an individual, LEONARD BUGLA, an individual, LEON FRISCH, an individual, IGNACIO GAYDUCHENKO, an individual, MARC-ALEXANDER RICHTS, an individual, ALEXANDER KLEEMAN, an individual, and DOES 1-50, inclusive,<br><br>Defendant. | CASE NO. 2:22-cv-00051-MWF (JCx)<br><br>[Assigned to Judge Michael W. Fitzgerald]<br><br>**STATUS REPORT** |

Pursuant to this Court's Order dated September 2, 2022, Plaintiff Activision Publishing, Inc. ("Activision") files this status report to advise the Court of the current status of this proceeding.

**Initial Complaint and Status of Service.** This case concerns an online business enterprise known as "EngineOwning." EngineOwning, through its agents

and representatives, is in the business of creating, distributing, selling, maintaining, marketing, and operating a set of software tools that enable players of Activision's popular game franchise *Call of Duty* to gain unfair advantages over other players (i.e. "Cheats."). Defendants' sale and exploitation of the EngineOwning Cheats has caused significant damage to Activision and its video games, while generating massive unjust revenue for Defendants.

On January 4, 2022, Activision filed its initial Complaint. ECF No.1. In its initial Complaint, Activision sought damages for violation of the anti-circumvention provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, and for intentional interference with contract. Activision immediately commenced the process of serving the named defendants via the Hague Convention on Service Abroad.

Defendants Valentin Rick and EngineOwning UG ("EO") were served with the Complaint via the German Central Authority, as required by the Hague Convention. Proofs of Service for Rick and EO were filed with the Court on June 28, 2022, and July 13, 2022. It is possible that additional defendants have been served, but Activision has not yet received notice of completion of service.

On June 15, 2022, Activision's counsel received a communication from attorney Elliot Gipson, shareholder at Elliot Gipson PC. Mr. Gipson advised Activision's counsel that he represents and will be appearing in the case as counsel for Defendants Valentin Rick, EngineOwning UG, Leonard Bugla, Leon Frisch, Ignacio Gayduchenko, and Marc-Alexander Richts. It is Activision's understanding that Mr. Gipson will agree to waive or accept service for Bugla, Frisch, Gayduchenko, and Richts, to the extent that they have not already been served by the German or Spanish Central Authorities.

**Activision's Continued Investigation.** Because the participants in the EngineOwning enterprise know that the Cheats are unlawful and cause harm to Activision, they have attempted to hide their identities, including by conducting

business activities anonymously through online aliases. On January 13, 2022, Activision filed an *Ex Parte* Application for Limited Early Discovery, seeking leave to serve fifteen subpoenas. ECF No. 9. The Court granted that motion, and subpoenas were served on various third parties that Activision has reason to believe possess knowledge of the identities of the Doe defendants or others involved in the operation of the EngineOwning enterprise.

Over the past several months, Activision has been receiving and analyzing responses received from the subpoenaed third parties. With the benefit of these subpoena responses, Activision was able to identify many additional individuals who are or were active participants in the EngineOwning enterprise. Activision has been continuing to investigate these additional participants in order to determine what their involvement has been in the EngineOwning enterprise. For the past several weeks, Activision has been preparing an Amended Complaint. Preparation of the Amended Complaint took some time, as Activision wished to verify and confirm the identities and activities of the additional defendants before including them as named defendants.

Because Activision has been in the process of preparing an Amended Complaint, Activision's counsel advised Mr. Gipson that it would consent to additional time for his clients to respond to the initial Complaint. As a result, no responses to the initial Complaint have yet been filed.

**The Amended Complaint.** Concurrently with this status report, Activision is filing an Amended Complaint. The Amended Complaint adds 21 new defendants (one corporate defendant and 20 individuals): Garnatz Enterprise Ltd, Leon Schlender, Erick Pfeifer, Bennet Huch, Zain Jondah, Ricky Szameitat, Marcel Bindemann, Alexander Kleemann, Remo Löffler, Marvin Baotic Neumeyer, Hendrik Smaal, Charlie Wiest, Dennis Reissleich, Tyler Byrd, Simon Masias, Nicholas James Baldwin, Antonio Median, Remy Cartigny, Pascal Classen, Manuel T. Santiago, and Katerina Disdle. Some of these defendants

reside in the United States. Others reside in Germany, the United Kingdom, or the Netherlands. The Amended Complaint specifically explains the role that each of these individuals played in the operation of the EngineOwning enterprise.

The Amended Complaint also includes new claims for Violations of the Computer Fraud and Abuse Act and for Violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO.")

**Service of the Amended Complaint.** Activision understands that Mr. Gipson will accept service of the Amended Complaint on behalf of his clients. Activision is prepared to stipulate with Mr. Gipson to a single response date for all of his clients, subject to the Court's approval.[1]

Activision will immediately commence efforts to serve process on the U.S.-based defendants: Byrd, Masias, Baldwin, Median, and Santiago. Activision is hopeful that service can promptly be effectuated on these defendants, who will have twenty-one (21) days to prepare and file a response from the date of service.

With respect to the new defendants located in the United Kingdom, Germany, and the Netherlands, Activision may be required to serve these defendants pursuant to the Hague Convention. For Germany and the Netherlands, this may require service of a translated copy of the Amended Complaint via the applicable Central Authority. Activision intends to immediately commence the process of serving these defendants in this manner. However, based on prior experience, Activision expects that service on these defendants may take up to four months. Activision is prepared to update the Court as to the status of service on a regular basis. In the event that Activision believes that alternative service under Fed. R. Civ. P. 4(f)(3) is necessary or appropriate, Activision will seek leave of court to serve one or more defendant(s) by alternative means.

---

[1] It is possible that Mr. Gipson will represent one or more of the new defendants, as they are all participants in a common business enterprise. Activision expects to communicate with Mr. Gipson after service of the Amended Complaint.

DATED: SEPTEMBER 16, 2022

MARC E. MAYER
MARK C. HUMPHREY
GENEVIEVE L. JAVIDZAD
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
    Marc E. Mayer
    Attorneys for Plaintiff