ELLIOT GIPSON PC
ELLIOT B. GIPSON (State Bar. No. 234020)
egipson@elliotgipson.com
BRIANNA LOGAN (State Bar No. 347947)
blogan@elliotgipson.com
15260 Ventura Blvd., Suite 835
Los Angeles, California 91403
Telephone: 310.817.1268

Attorneys for Defendants EngineOwning UG, Valentin Rick, Leonard Bugla, Leon Frisch, Ignacio Gay Duchenko, Marc-Alexander Richts, Alexander Kleeman, Leon Schlender, Bennet Huch, Pascal Classen, and Remo Loffler

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ENGINEOWNING UG, a German corporation, CMM HOLDINGS S.A., a German corporation, GARNATZ ENTERPRISE LTD., a Belize corporation, VALENTIN RICK, an individual, LEONARD BUGLA, an individual, LEON FRISCH, an individual, IGNACIO GAYDUCHENKO, an individual, MARC-ALEXANDER RICHTS, an individual, ALEXANDER KLEEMAN, an individual, LEON SCHLENDER, an individual, ERICK PFEIFER, an individual, BENNET HUCH, an individual, ZAIN JONDAH, an individual, RICKY SZAMEITAT, an individual, MARCEL BINDEMANN, an individual, REMO LOFFLER, an individual, MARVIN BAOTIC NEUMEYER, an individual, HENDRIK SMAAL, an individual, CHARLIE WIEST, an individual, DENNIS REISSLEICH, an individual, TYLER BYRD, an individual, SIMON MASIAS, an individual, | CASE NO. 2:22-CV-00051-MWF<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Dept.: 5A<br><br>Complaint Filed: January 4, 2022<br>First Amended Complaint Filed: September 16, 2022<br><br>Hearing Date: March 27, 2023<br>Hearing Time: 10:00 AM |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | NICHOLAS JAMES BALDWIN, an individual, ANTONIO MEDIAN, an individual, REMY CARTIGNY, an individual, PASCAL CLASSEN, an individual, MANUEL T. SANTIAGO, an individual, and KATERINA DISDLE, an individual, and DOES 1-50, inclusive,<br><br>                    Defendants. |

2

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS**

**[PROPOSED] ORDER**

Having reviewed Defendants' EngineOwning UG, Valentin Rick, Leonard Bugla, Leon Frisch, Ignacio Gay Duchenko, Marc-Alexander Richts, Alexander Kleeman, Leon Schlender, Bennet Huch, Pascal Classen, and Remo Loffler ("Defendants") Motion to Dismiss (the "Motion"), the papers filed in support of and in opposition to the Motion, and the arguments of counsel in support of and in opposition thereto, and good cause appearing therefor, the Motion is hereby GRANTED for the following reasons:

- **This Case Is Dismissed for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2).** Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the "Plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted). The Foreign Defendants have introduced evidence showing they are citizens and residents of a foreign country and have no contacts with the United States so that exercise of jurisdiction would not comport to traditional notions of fair play and substantial justice.

- **This Case Is Dismissed Under *Forum Non Conveniens*.** Under the doctrine of *forum non conveniens*, a court may dismiss an action "where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). Foreign Defendants have introduced evidence showing that Germany is the most convenient forum for this case given the location of the Foreign Defendants and likely evidence, as well as the fact that Plaintiff is well situated to litigate in German given its German offices and the fact that is currently litigating against two of the Foreign Defendants based upon the same conduct at issue here.

- **This Case Is Dismissed Under International Comity.** International comity is the "recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." *Mujica v. AirScan Inc.*, 771 F.3d 580, 597 (9th Cir. 2014) (quotations omitted).  Here, Plaintiff's own conduct supports dismissal of this action because Plaintiff originally initiated an action in Germany on the same bases as the lawsuit in front of this Court.

- **This Case Is Dismissed Under Rule 12(b)(6) Failure to State a Claim.**
A Rule 12(b)(6) motion is proper where the facts as alleged in the pleading fail to state a claim. Fed. R. Civ. P. 12(b)(6).  All causes of action are dismissed based upon Plaintiff's impermissible undifferentiated group pleading of defendants is impermissible. *See* Fed. R. Civ. P. 8(a)(2) (pleadings should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Aaron v. Aguirre*, No. 06-CV-1451-H POR, 2007 WL 959083, at *16 (S.D. Cal. Mar. 8, 2007) ("…Plaintiffs improperly group all Defendants together in their interference with contractual relations claim. Accordingly, Plaintiffs have failed to plead sufficiently the elements of a claim for interference with contractual relations against Defendants.").  Moreover, Plaintiff's Civil Rico claims (Counts 6 and 7), Computer Fraud and Abuse claim (Count 3), and False Designation of Origin claim (Count 2) also fail for separate reasons.

- **The Case Is Dismissed Due to the Extraterritoriality Principle.**
"Foreign conduct is generally the domain of foreign law…" *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 439 (2007). When a statute gives no clear indication of an extraterritorial application, it has none.  *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255 (2010). Here, there is no clear indication that US and

California law were meant to be applied against Foreign Defendants for conduct occurring wholly outside of the United States.

**THEREFORE,** this case is dismissed with prejudice without leave to amend because such amendment would be futile under the current circumstances. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (a court need not grant leave to amend a complaint if amendment would be futile); *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 766 (9th Cir. 1991) (granting leave to amend would have been futile where case dismissed in favor of Japan on *forum non conveniens* grounds); *Lawson v. Klondex Mines Ltd.*, 450 F. Supp. 3d 1057, 1084 (D. Nev. 2020) ("The court declines to grant Lawson leave to amend because the court's abstention and waiver findings cannot be cured; therefore, such amendment would be futile.").

**IT IS SO ORDERED.**

DATED: _____        _____
                                                                          Hon. Michael W. Fitzgerald