# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>ENGINEOWNING UG, et al.,<br><br>                Defendants. | Case No. CV 22-51-MWF(JCx)<br><br>SELF-REPRESENTATION ORDER |

      One or more of the parties to this action has elected to appear *pro se*. Persons appearing before the Court are not required to retain the services of a lawyer or obtain the advice of counsel. Individual litigants may represent themselves *pro se*, but corporations and associations must be represented by counsel. *See Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986) (unincorporated association); *In Re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) (corporations). In addition, non-attorney litigants may not represent other individual litigants or trusts for which they serve as trustee. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (minor children); *C.E. Pope Equity Trust v. United States*, 818 F.2d

696, 697-98 (9th Cir. 1987) (trust); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1996) (other litigants).  A partner may not represent his or her own interest in a partnership *pro se*, and a sole shareholder may not represent a corporation.  *See In Re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (partner); *United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993 (per curiam) (shareholder).

Proceeding *pro se* has significant risks, and this Court wishes to make some of those risks known at the outset of this proceeding:

- Generally speaking, non-attorney litigants are less like to be victorious than those assisted by counsel.
- The opposing party may have a lawyer, and that lawyer's duty is to achieve victory for his or her client.  He or she will take every step legally permissible to that end.
- The Court is a neutral adjudicator of the law.  The role of the judge is to resolve disputes arising between the parties in accordance with the law.  As such, the judge cannot assist you, cannot answer your legal questions, and cannot take sides in the dispute, nor can any members of the judge's staff.
- You will be proceeding alone in a complex area where experience and professional training are greatly desired.

Simply stated, when you elect to proceed *pro se*, you are on your own and become personally responsible for litigating your action in accordance with the rules.  Practice in the federal courts is governed by the Federal Rules of Civil Procedure.  You **must** become familiar with these rules.  You will be held to the same standards as a lawyer as far as complying with the Court procedures and the rules and regulations of the court system.

Because litigating an action in federal court often requires a great deal of time, preparation, knowledge, and skill, this Court highly recommends against proceeding with the assistance of counsel.  Some attorneys will represent clients on a contingency

fee basis, where the fees associated with representation are subtracted from a judgment in favor of the client.[1]  However, should you wish to continue without counsel – fully understanding the risks – you are hereby ordered to carefully review the remainder of this Order, as it contains instructions for proceeding in this Court which **must** be followed.

This Order, while not comprehensive – and not a substitute for fully familiarizing yourself with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules for the United States District Court for the Central District of California, the Orders of this Court, including the Court's Procedures and Schedules, Order Setting Scheduling Conference, and Order Re Jury Trial and Order Re Court Trial, as well as federal and state case law applicable to this action – is intended to bring certain aspects of law and motion practice to your attention at an early stage in the litigation to remedy problems commonly associated with *pro se* pleadings.[2]

**Communications with Chambers**:  Pursuant to Local Rule 83-2.11, parties **shall refrain** from writing letters to the judge, making telephone calls to chambers, or otherwise communicating with the judge unless opposing counsel is present.  You may contact the Courtroom Deputy, Rita Sanchez, at rita_sanchez@cacd.uscourts.gov or (213) 894-1527, with appropriate inquiries.  The Courtroom Deputy is **not** an attorney and will not provide you with any legal advice.  The Courtroom Deputy cannot waive any of the requirements of this, or any other, Order.  Should you wish to bring any matter to the attention of the Court, you **must** do so in writing, and file and serve it on the opposing party.

---

[1] The Los Angeles County Bar Association Lawyer Referral and Information Service may be able to refer you to a lawyer who may or may not be willing to take your case on a contingency basis.

[2] The Local Rules for the United States District Court for the Central District of California are available on the District Court's website:  www.cacd.uscourts.gov.

**Jurisdiction**: The Federal Rules of Civil Procedure require that "[a] pleading which sets forth a claim for relief … shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8(a). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in … any document invoking this Court's jurisdiction. Local Rule 8-1.

**<u>This is extremely important</u>**. Unlike state courts, federal courts are not courts of general jurisdiction, and can only preside over matters authorized by the Constitution and Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In other words, the party filing the action must **prove** to the Court that jurisdiction over the action exists **before** the Court can reach the merits of the Complaint. *See Smith v. McCullough*, 270 U.S. 456, 459, 46 S. Ct. 338, 339, 70 L. Ed. 682 (1926) (A "plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction ….").

Federal jurisdiction may be alleged either pursuant to 28 U.S.C. Section 1331 for actions "arising under the Constitution, laws, or treaties of the United States," otherwise known as "federal question" jurisdiction, or 28 U.S.C. Section 1332 as an action "between citizens of different States," otherwise known as "diversity" jurisdiction.

To allege federal question jurisdiction, the complaint should identify which right(s) the plaintiff(s) claim have been violated, and which law, statute, or constitutional amendment provides that right. *See Keniston v. Roberts*, 717 F.2d 1295, 1298 (9th Cir. 1983).

Diversity jurisdiction has **two** requirements. First, diversity jurisdiction requires complete diversity of citizenship, that is, all plaintiffs must have a different citizenship from all defendants. *See Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). Residence and

citizenship are distinct concepts, with significantly different jurisdictional ramifications: "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Corporations are citizens of both their state of incorporation and the state in which they have their principal place of business. *See* 28 U.S.C. Section 1332(c)(1); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Unincorporated associations are citizens of the states of each member. *See Fifty Associates v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Second, when jurisdiction is based on diversity of citizenship, district courts do not have original jurisdiction unless a party alleges an amount in controversy exceeding $75,000. *See* 28 U.S.C. Section 1332(a).

Finally, you should understand that it is **<u>insufficient</u>** for a party to merely claim that jurisdiction exists. Sufficient **<u>facts</u>** must be alleged to allow the Court to assess whether it has jurisdiction over the action.

**Service**: Service is the formal delivery of a legal pleading. The Federal Rules of Civil Procedure have different requirements for service to be effective depending on the type of entity to be served: service on an individual within the United States is governed by Fed.R.Civ.P. 4(e); corporations and associations must be served in conformity with Fed.R.Civ.P. 4(h); the United States and its agencies must be served pursuant to Fed.R.Civ.P. 4(i); and state and local governmental units require service under Fed.R.Civ.P. 4(j).

Time limits for service of the complaint are set forth in Fed.R.Civ.P. 4(m). It is important to promptly and properly serve the opposing party, especially with the

summons and complaint when initiating an action, because **failure to serve within the time limits specified by the Federal Rules <u>will result in the dismissal</u> of your action for lack of prosecution**. You <u>**must**</u> always inform the Court whenever you serve a filing on an opposing party; this is done by filing a proof of service. *See* Fed.R.Civ. P. 4(l).

**Discovery**: Discovery is the mechanism by which the parties to an action collect evidence relating to the case from one another. Certain information is expected to be provided to the other side without a request. *See* Fed.R.Civ.P. 26(a). If the other side seeks to obtain discovery from you, you must cooperate and provide the information sought on "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The principal forms of discovery envisioned by the Federal Rules are the production and inspection of documents, requests for admission, depositions, and interrogatories. Discovery disputes are resolved by, and should be brought to the attention of, the magistrate judge assigned to the action. Discovery should begin early in the litigation and may commence prior to the Scheduling Conference.

**Motions**: Motions are requests to the Court to make a specified ruling or order. The opposing party may file a motion to dismiss your action, pursuant to Fed.R.Civ.P. 12, or a motion for summary judgment pursuant to Fed.R.Civ.P. 56. If the opposing party files and served a motion on you, you <u>**must**</u> oppose it if you disagree with the requested relief. **Failure to oppose an otherwise properly supported motion may result in the Court granting that motion**. *See* Local Rule 7-12. **Depending on the motion, this <u>may result in the dismissal</u> of your case.**

To oppose a motion, you <u>**must**</u> present the Court with a statement explaining the basis of your opposition and he legal authority supporting your contentions. You <u>**must**</u> also file any evidence upon which you intend to base your opposition to a motion for summary judgment. Pursuant to Local Rule 7-9, your opposition is due <u>**not later**</u> than twenty-one (21) days before the date designated for hearing of the

motion. If you need additional time to oppose the motion, you **must** file and serve an *ex parte* application requesting an extension of time **prior** to the date on which your opposition is due, and must demonstrate that the additional time you seek is warranted and that the requested extension is not a crisis of your creation, thus precluding you from seeking *ex parte* relief. See *Mission Power Eng'g Co. v. Continental Cas Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

**Motion to Dismiss**: A Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the claims asserted in the complaint. A dismissal under Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The Court must deny the motion unless it appears that the plaintiff can prove no set of facts that would entitle him to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. See *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the Court is not bound to assume the truth of legal conclusions merely because they are stated in the form of factual allegations. See *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegations. See *North Start Int'l v. Arizona Corp. Comm'n.*, 720 F.2d 578, 583 (9th Cir. 1983).

**Motion for Summary Judgment:** Summary judgment may be granted when there are no material facts in dispute between the parties, making a trial unnecessary. To resist summary judgment under Fed.R.Civ.P. 56, you **must** submit affidavits or other documentary evidence, such as depositions and answers to interrogatories, which set forth specific facts showing there is a genuine issue for trial. See Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). Failure to do so may result in the

entry of summary judgment against you.  You should also note that Rule 56(e) requires that affidavits or declarations shall be made on personal knowledge, set forth facts that are admissible as evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.  **Should you fail to contradict the moving party with counter-affidavits, declarations or other evidence, the moving party's evidence may be taken as the truth, and final judgment may be entered against you without a trial, thus ending your case.**  See *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).

To effectively address a summary judgment motion, you should be aware of, and familiar with, the following United States Supreme Court cases on summary judgment:  *Celotex v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

**PRO SE CLINIC**:  Although Plaintiff is proceeding pro se, *i.e.*, without legal representation, Plaintiff nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure.  See C.D. Cal. L.R. 83-2.2.3.  The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide advice to any party, including pro se litigants, *i.e.*, parties who are not represented by a lawyer.  There is a free "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court.  The Court has information of importance to pro se litigants at the "People Without Lawyers" link, http://prose.cacd.uscourts.gov/.

☐ **Los Angeles**

The Court notes that a party to this lawsuit does not have a lawyer.  Parties in court without a lawyer are called "*pro se* litigants."  These parties often face special challenges in federal court. Public Counsel runs a free Federal *Pro Se* Clinic where

*pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

☐ **Orange County**

The Court notes that a party to this lawsuit does not have a lawyer. Parties in court without a lawyer are called "pro se litigants." These parties often face special challenges in federal court. The Public Law Center runs a free Federal Pro Se Clinic at the Santa Ana federal courthouse where pro se litigants can get information and guidance. Visitors to the clinic must make an appointment by calling (714) 541-1010 (x 222). The clinic is located in Room 1055 of the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, California (note that the clinic is being operated in a hybrid model at the moment). More information may be found by visiting the Pro Se Clinic Home Page found at http://prose.cacd.uscourts.gov/santa-ana.

☐ **Riverside**

The Court notes that a party to this lawsuit does not have a lawyer. Parties in court without a lawyer are called "pro se litigants." These parties often face special challenges in federal court. The Public Service Law Corporation runs a free Federal Pro Se Clinic at the Riverside federal courthouse where pro se litigants can get information and guidance. The clinic is located in Room 125 of the George E. Brown Federal Building, 3470 12th Street, Riverside, California 92501 (note that the clinic is open for in-person appointments on a first come basis Tuesdays and Thursdays from 10:00 a.m. to 2:00 p.m. until further notice). For more information, pro se litigants may call (951) 682-7968 or they may visit the Pro Se Home Page at http://prose.cacd.uscourts.gov/riverside.

**ELECTRONIC DOCUMENT SUBMISSION SYSTEM (EDSS)**: Pro se litigants may submit documents for filing through the Court's Electronic Document Submission System (EDSS) instead of mailing or bringing documents to the Clerk's Office. Only internet access and an e-mail address are required. Documents are submitted in PDF format through an online portal on the Court's website. To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

Attorneys may not use EDSS to submit documents on behalf of their clients. Attorneys are required by the local rules to file documents electronically using the Court's CM/ECF System.

**ELECTRONIC FILING**: Pro se litigants may apply to the Court for permission to electronically file. Form CV-005 is available at http://www.cacd.uscourts.gov/court-procedures/forms.

The Court's website home page is http://www.cacd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:  February 09, 2023

_____
MICHAEL W. FITZGERALD
United States District Judge