UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENGINEOWNING UG, et al.,<br><br>Defendants. | CASE NO. 2:22-cv-00051-MWF (JCx)<br><br>[Assigned to Judge Michael W. Fitzgerald]<br><br>**(PROPOSED) ORDER GRANTING JOINT STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Complaint Filed: 1/4/2022<br>Amended Complaint Filed: 9/16/2022 |

Mitchell Silberberg & Knupp LLP

15167253.1

Pursuant to the Parties' Stipulation dated January 31, 2023, the Court hereby orders that judgment is entered against Defendant Ignacio Gayduchenko ("Defendant").

IT IS HEREBY FOUND, ORDERED, AND ADJUDGED as follows:

1. Judgment shall be entered against Defendant in the amount of two million dollars ($2,000,000), to be due and payable solely pursuant to the terms set forth in the Parties' Confidential Settlement Agreement and Release.

2. Defendant shall immediately and permanently cease and desist from knowingly or intentionally performing any of the following acts without Activision's authorization:

    a. taking any steps (directly or indirectly through third parties) to develop, program, code, create, distribute, update, support, advertise, market, resell or otherwise make available the software products known as (i) "EngineOwning for Call of Duty: MW and Warzone Caldera (2019)," (ii) "EngineOwning for Call of Duty: MW2 and Warzone 2.0 (2022)," (iii) "EngineOwning for Call of Duty: Warzone Caldera Lite," (iv) "EngineOwning for Overwatch," (v) "EngineOwning for Call of Duty: Vanguard," (vi) "EngineOwning for Call of Duty: Black Ops 3," (vii) "EngineOwning for Call of Duty: Black Ops 2," (viii) "EngineOwning for Call of Duty: Black Ops," (ix) "EngineOwning for Call of Duty: WW2," and (x) "EngineOwning for Call of Duty: Modem Warfare 3," (collectively, the "EngineOwning Software") or any other software designed to violate End-User License Agreements or Terms of Service with respect to, infringe intellectual property (i.e., copyrights, patents, or trademark) rights in, or circumvent technological measures that effectively control access to (x) any of the Call of Duty series of video games ("COD Cheating Software") or (y) any other games owned, published, distributed or operated by Activision or its parents, subsidiaries, or affiliates (including Blizzard Entertainment, Inc.), of which Activision has heretofore made Defendant actually aware, including but not limited to Overwatch

2, World of Warcraft, and Diablo (collectively, the "Activision Blizzard Games") (the "Activision Blizzard Cheating Software"). The software products referred to above (i.e. the EngineOwning Software, COD Cheating Software, and Activision Blizzard Cheating Software) are hereinafter referred to collectively as the "Prohibited Software."

   b. promoting, advertising, encouraging or inducing others to purchase or use (including via any social media account, website, or video-sharing account) the Prohibited Software;

   c. selling, reselling, or processing payments for the sale of any Prohibited Software;

   d. assisting in any way with the further development of any Prohibited Software;

   e. sharing, copying, transferring, or distributing the Prohibited Software;

   f. publishing or distributing any source code or instructional material for the creation of the Prohibited Software;

   g. operating or assisting in the creation or maintenance of any website designed to provide information to assist others in accessing, developing or obtaining the Prohibited Software;

   h. investing or holding any financial interest in any enterprise which Defendant knows or has reason to know is now, or intends in the future to be, engaged in any of the foregoing activities prohibited by this Judgment and Permanent Injunction (including the development, sale, and distribution of any Prohibited Software), including but not limited to the enterprise known as "EngineOwning."

   i. unlawfully reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization, any of the Activision Blizzard

Games in connection with the Prohibited Software or providing assistance to any person or entity engaged in any such activities.

3. Defendant shall take reasonable action to disable, remove, or otherwise shut down any social network accounts under his control dedicated to distribution or promotion of any Prohibited Software, and to remove any information used to distribute any Prohibited Software from any non-dedicated (e.g., personal) social network accounts under his control.

4. Any company or entity that Defendant controls in the future shall also comply with the provisions of this Judgment and Permanent Injunction.

5. The Parties irrevocably and fully waive notice of entry of this Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understand, confirm and agree that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including contempt of Court.

6. The Parties irrevocably and fully waive any and all rights to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in this Judgment and Permanent Injunction shall limit the right of the Parties to seek relief including, without limitation, damages for any and all infringements of any Intellectual Property rights or for violation of the anti-circumvention provisions of the DMCA occurring after the date of this Judgment and Permanent Injunction.

8. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction. The Parties consent to the personal jurisdiction of the

United States District Court for the Central District of California for solely purposes of enforcing the Judgment and Permanent Injunction.

9. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Judgment and Permanent Injunction against Defendants.

DATED:

                                              Honorable Michael W. Fitzgerald
                                              United States District Judge