| | |
|---|---|
| 1 | ELLIOT GIPSON PC |
| 2 | ELLIOT B. GIPSON (State Bar. No. 234020) |
|   | egipson@elliotgipson.com |
| 3 | BRIANNA LOGAN (State Bar No. 347947) |
|   | blogan@elliotgipson.com |
| 4 | 15260 Ventura Blvd., Ste. 835 |
|   | Los Angeles, California 91403 |
| 5 | Telephone: 310.817.1268 |
| 6 | Attorneys for Defendants EngineOwning UG, Valentin Rick, Leonard Bugla, Leon Frisch, Marc-Alexander Richts, Alexander Kleeman, Leon Schlender, Bennet Huch, Pascal Classen, and Remo Loffler |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., a Delaware corporation, | CASE NO. 2:22-CV-00051-MWF |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ELLIOT GIPSON PC, ELLIOT GIPSON, AND BRIANNA LOGAN'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR FOREIGN DEFENDANTS** |
| vs. | |
| ENGINEOWNING UG, a German corporation, CMM HOLDINGS S.A., a German corporation, GARNATZ ENTERPRISE LTD., a Belize corporation, VALENTIN RICK, an individual, LEONARD BUGLA, an individual, LEON FRISCH, an individual, IGNACIO GAYDUCHENKO, an individual, MARC-ALEXANDER RICHTS, an individual, ALEXANDER KLEEMAN, an individual, LEON SCHLENDER, an individual, ERICK PFEIFER, an individual, BENNET HUCH, an individual, ZAIN JONDAH, an individual, RICKY SZAMEITAT, an individual, MARCEL BINDEMANN, an individual, REMO LOFFLER, an individual, MARVIN BAOTIC NEUMEYER, an individual, HENDRIK SMAAL, an individual, CHARLIE WIEST, an individual, DENNIS REISSLEICH, an individual, TYLER BYRD, an individual, SIMON | Judge: Hon. Michael W. Fitzgerald<br>Dept.: 5A<br><br>Complaint Filed: January 4, 2022<br>FAC Filed: September 16, 2022<br><br>Hearing Date: June 5, 2023<br>Hearing Time: 10:00 AM |

| | |
|---|---|
| 1 | MASIAS, an individual, NICHOLAS JAMES BALDWIN, an individual, ANTONIO MEDIAN, an individual, REMY CARTIGNY, an individual, PASCAL CLASSEN, an individual, MANUEL T. SANTIAGO, an individual, and KATERINA DISDLE, an individual, and DOES 1-50, inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants. |

Pursuant to Local Rule 83-2.3.2, Elliot Gipson PC, Elliot Gipson, and Brianna Logan (collectively, "the Firm") respectfully request leave to withdraw as counsel of record for Defendants EngineOwning UG, Valentin Rick, Leonard Bugla, Leon Frisch, Marc-Alexander Richts, Alexander Kleeman, Leon Schlender, Bennet Huch, Pascal Classen, and Remo Loffler (hereinafter the "Foreign Defendants"). The grounds for withdrawal, as set forth in the accompanying Declaration of Elliot B. Gipson, is a breakdown of communication with the Foreign Defendants.

## I. THE FACTS

On January 4, 2022, Plaintiff Activision Publishing, Inc. ("Plaintiff") filed its initial complaint in the above-captioned matter, against six individual defendants and two corporate defendants, in the United States District Court for the Central District of California. (Dkt. No. 1). On September 16, 2022, Plaintiff filed its First Amended Complaint, adding additional defendants, including the Foreign Defendants, and causes of action. (Dkt. No. 27). On April 4, 2023, the Court denied in part and granted in part the Foreign Defendants' Motion to Dismiss. (Dkt. No. 101). At that time, the Court gave the Foreign Defendants until May 2, 2023 to answer Plaintiff's First Amended Complaint (the "FAC"). (*Id*.). On April 27, 2023, the Plaintiff and Foreign Defendants (the "Parties") filed a joint stipulation requesting an extension of time to file an answer the FAC. (Dkt. No. 105). On April 28, 2023, the Court issued an Order granting the Parties' joint stipulation, extending the Foreign Defendants' time to answer to June 1, 2023. (Dkt. No. 106). On May 3, 2023, the Parties filed a third joint stipulation to extend the Foreign Defendants' time to answer to June 8, 2023. (Dkt. No. 107). On May 4, 2023, the Court issued an Order granting the Parties' third joint stipulation, extending the Foreign Defendants' time to answer to June 8, 2023. (Dkt. No. 108). There are no pending motions before the Court in this action. (*See generally*, Docket). No discovery has commenced in this matter, no initial status conference has been scheduled and no trial date has been set. (*Id*.).

There has been a breakdown in communications between the Firm and the Foreign Defendants. (Gipson Decl. at ¶ 3). Generally, the Firm's typical method of contact with the Foreign Defendants is through electronic mail and text messaging given the fact that each of the Foreign Defendants are located in Europe. (Gipson Decl. at ¶ 4). Previous to the Court's April 4, 2023 Order, there had been no problems communicating with the Foreign Defendants using these methods. (*Id*.). Subsequent to the Court's April 4, 2023 Order, there has been a breakdown in communication that has made it unreasonably difficult for the Firm to represent the Foreign Defendants. (*Id*.). Despite the Firm's efforts in attempting to communicate with the Foreign Defendants on more than a dozen occasions, including reaching out to Markus Kompa, EngineOwning's and Mr. Rick's attorney in the German litigation, this breakdown in communication has not been resolved. (Gipson Decl. at ¶ 5).

The Firm believes it has complied with L.R. 83-2.3.2 regarding *Withdrawal and Substitution of Attorneys* regarding notifying the Foreign Defendants of the Firm's intent to withdraw and consequences thereof. (Gipson Decl. at ¶¶ 7-11). Because the Firm notified Foreign Defendants of its intention to file this motion and the Foreign Defendants did not respond, the Firm is informed and believes that the Foreign Defendants do not oppose the Firm's withdrawal. (Gipson Decl. at ¶ 8). Plaintiff Activision Publishing, Inc. does not oppose this Motion to Withdraw. (Gipson Decl. at ¶ 12).

## II.  THE LAW

An attorney may withdraw as counsel by leave of court. L.R. 83-2.3.2. "The decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." *Parker v. Wells Fargo Bank, Nat'l Ass'n*, No. 322CV00819RBMAGS, 2023 WL 1973214, at *1 (S.D. Cal. Feb. 13, 2023) (citation omitted). "Courts consider several factors when ruling on a motion to withdraw as counsel, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal

might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Id.* (citation omitted).

Under the California Rules of Professional Conduct, an attorney may withdraw when the client 'makes it unreasonably difficult' for counsel to carry out the representation." Cal. R. Prof. Conduct 1.16 (b)(4); *BLK Enterprises, LLC v. Unix Packaging, Inc.*, No. 2:18-CV-02151-SVW-KS, 2018 WL 5993842, at *1 (C.D. Cal. July 10, 2018). Courts interpreting Rule 1.16 "have held that 'a client's failure to communicate with their attorneys constitutes good cause for the attorneys to seek withdrawal from representing the client.'" *Scottsdale Ins. Co. v. Grant & Weber*, No. CV-16-610-MWF (AJW), 2016 WL 7469640, at *1 (C.D. Cal. Nov. 1, 2016) (citation omitted).

"A breakdown in communications between a client and an attorney constitutes good cause for withdrawal." *Your Pers. Assistant, LLC v. T-mobile USA, Inc.*, No. CV1000783MMMRCX, 2010 WL 11598037, at *2 (C.D. Cal. Apr. 23, 2010); *see also Krause v. Manhattan Beach Police Dep't*, No. CV 17-02833-AB (EX), 2018 WL 6118566, at *2 (C.D. Cal. May 2, 2018) (granting Plaintiff's counsel's motion to withdraw based on a "a breakdown in communication between Plaintiff and Counsel that makes representation unreasonably difficult."); *Dunn v. Regents of Univ. of California*, No. C-89-2272 SBA, 1993 WL 128079, at *1 (N.D. Cal. Apr. 14, 1993) (noting that the Court had previously granted Plaintiff's counsel's motion to withdraw "based on a breakdown of communication with his client."); *Hearn v. Wells Fargo N.A.*, No. CV2009415RSWLMRWX, 2020 WL 12431943, at *1 (C.D. Cal. Dec. 10, 2020) (granting counsel's motion to withdraw on the basis of a breakdown in the attorney-client relationship, stating "[s]everal courts have found the erosion of the attorney-client relationship to constitute grounds for withdrawal.").

//

### III. ARGUMENT

#### A. Good Reason for Withdrawal

As set forth in further detail in the Declaration of Elliot Gipson, there has been a breakdown in communications between the Firm and the Foreign Defendants subsequent to the Court's April 4, 2023 order. (Gipson Decl. at ¶¶ 4-5). Courts in the Central District have found that a client's failure to communicate with their representation is good cause for withdrawal. *See M.M.G. v. City of Los Angeles*, No. 221CV03845VAPKSX, 2022 WL 17185978, at *2 (C.D. Cal. Sept. 23, 2022) (granting counsel's motion to withdraw, stating "[Plaintiffs'] failure to communicate with [their] attorney[ ] constitutes good cause for the attorney[ ] to seek withdrawal from representing [them].") (alterations in original); *Rowe v. Reeves*, No. CV 16-01864-GHK, 2017 WL 10562598, at *2 (C.D. Cal. June 9, 2017) (granting counsel's motion to withdraw, finding a failure to communicate with counsel to be "detrimental to an effective attorney-client relationship."). The Foreign Defendants' continued failure to communicate with the Firm has made it unreasonably difficult for the Firm to carry out its representation effectively. *See j2 Glob. Commc'ns, Inc. v. Blue Jay*, Inc., No. C 08-4254PJH, 2009 WL 464768, at *2 (N.D. Cal. Feb. 24, 2009) (granting counsel's motion for withdrawal, finding Defendant's refusal to communicate, despite counsel's multiple attempts at contact, made it unreasonably difficult for counsel to represent them.); *China Cent. Television v. Create New Tech. HK Ltd.*, No. CV1501869MMMAJWX, 2015 WL 12826457, at *2 (C.D. Cal. June 25, 2015) ("A breakdown in communications between client and attorney constitutes good cause for withdrawal."). Thus, the Firm has good cause to withdraw from its representation of the Foreign Defendants.

//
//

### B. No Prejudice; No Harm to Administration of Justice; No Undue Delay

In this case, Plaintiff does not oppose counsel's withdrawal and Foreign Defendants have not indicated an opposition to counsel's withdrawal.[1] (Gipson Decl. at ¶¶ 8 and 12). Moreover, there are no pending motions, no pending discovery, and no scheduled trial date. (Gipson Decl. at ¶ 11; *see generally*, Docket). Central District courts have found that a counsel's motion to withdraw in the early stages of a case, "where no discovery has been conducted, and no trial date has been set," "will not prejudice either party" in the action. *Texmont Design Ltd. v. Halston Operating Co.*, LLC, No. CV1810164CJCGJSX, 2020 WL 13281500, at *2 (C.D. Cal. Jan. 3, 2020) (granting Defendant's counsel's motion to withdraw on the basis of a "breakdown in communication", stating that this withdraw would "not prejudice either party to this action, or the administration of justice. This case is still in the early stages, no discovery has been conducted, and no trial date has been set."); *Point Ctr. Fin., Inc. v. HPC U.S. Fund 1, L.P.*, No. SACV1200367CJCANX, 2012 WL 12953462, at *2 (C.D. Cal. Oct. 11, 2012) (granting counsel's motion to withdraw, finding no undue prejudice as "the case is in the early stages of litigation . . . . No trial date has been set and no discovery has been exchanged between the parties."). Although an answer is now due on June 8, 2023, the Foreign Defendants have enough time to hire an attorney to file such an answer for them if they so choose. Moreover, if need be, the Court could extend the time file an answer for Foreign Defendants which would eliminate any potential prejudice. *See Texmont Design Ltd.*, 2020 WL 13281500, at *2 (C.D. Cal. Jan. 3, 2020) (extending the deadline to answer where there has been a breakdown in communication between counsel and client).

---

[1] The Central District Court has considered the fact that a motion is unopposed as weighing in favor of withdrawal, due to no evidence of prejudice. *See Gabrielian v. JPMorgan Chase & Co.*, No. CV16-131 PSG (GJSX), 2016 WL 11780172, at *1 (C.D. Cal. June 10, 2016) (In granting counsel's motion to withdraw, the court states, "[s]econd, Defendants do not oppose Counsel's motion to withdraw. *See* Dkt. # 32. The Court therefore has no basis to believe that withdrawal would prejudice the Defendants.").

Given the circumstances where a trial date has not been set, granting the motion for the withdrawal of counsel will not impede the administration of justice, nor be the cause undue delay. *Hunt v. City of Los Angeles*, No. CV 17-8064 JFW (PVC), 2020 WL 10893000, at *3 (C.D. Cal. Dec. 18, 2020) (granting counsel's motion to be relieved as counsel, stating "Defendants will not suffer undue prejudice nor will it cause harm to the administration of justice. Delay in the resolution of the matter will not occur as there is currently no trial date or pre-trial conference date on calendar."); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV1403053MWFVBKX, 2015 WL 12809590, at *2 (C.D. Cal. Oct. 23, 2015) ("[P]ermitting withdrawal will not prejudice other litigants, harm the administration of justice, or significantly delay the action. This case is still in its embryonic stages: Rule 16 scheduling conference has not been held, the trial date has not been set . . .").

### IV.   CONCLUSION

The Firm has good cause to withdraw as counsel given the breakdown of communications with its clients. As this case is still in its early stages, the Firm's withdrawal will not result in any delays, undue prejudice, or extension of the trial date. Accordingly, pursuant to L.R. 83-2.3.2, the Firm respectfully requests that the Court grant its motion to withdraw as counsel for Defendants EngineOwning UG, Valentin Rick, Leonard Bugla, Leon Frisch, Marc-Alexander Richts, Alexander Kleeman, Leon Schlender, Bennet Huch, Pascal Classen, and Remo Loffler.

//
//

DATED: May 5, 2023          Respectfully submitted,

ELLIOT GIPSON PC
Elliot B. Gipson
Brianna N. Logan


By        /s/ *Elliot B. Gipson*
              Elliot B. Gipson

Attorneys for Defendants EngineOwning UG, Valentin Rick, Leonard Bugla, Leon Frisch, Marc-Alexander Richts, Alexander Kleeman, Leon Schlender, Bennet Huch, Pascal Classen, and Remo Loffler


### CERTIFICATE OF COMPLIANCE

I, the undersigned, counsel of record for Defendants EngineOwning UG, Valentin Rick, Leonard Bugla, Leon Frisch, Marc-Alexander Richts, Alexander Kleeman, Leon Schlender, Bennet Huch, Pascal Classen, and Remo Loffler, certify that this Memorandum of Points and Authorities contains 1,887 words, which complies with the word limit of L.R. 11-6.1

DATED: May 5, 2023          ELLIOT GIPSON PC
                            ELLIOT B. GIPSON


By    /s/Elliot B. Gipson
         ELLIOT B. GIPSON

Attorney for Defendants EngineOwning UG, Valentin Rick, Leonard Bugla, Leon Frisch, Marc-Alexander Richts, Alexander Kleeman, Leon Schlender, Bennet Huch, Pascal Classen, and Remo Loffler